THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VIRGIL QUINN, Defendant-Appellant.

Fourth District   No. 13269

Opinion filed March 17, 1977.

Richard J. Wilson, Bruce Stratton, and Daniel D. Yuhas, all of State Appellate Defender's Office, of Springfield, for appellant.

William J. Scott, Attorney General, of Springfield (Bruce Locher, Assistant Attorney General, and G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Virgil Quinn was charged in the Circuit Court of Vermilion County with the offense of criminal damage to property. A jury of six persons found him guilty and the court imposed a sentence of 292 days imprisonment. Defendant appeals maintaining that: (1) the court committed reversible error in permitting him to be tried by a 6-person jury rather than a 12-person jury, and (2) his intoxicated state at the time of the offense prevented him from being guilty of the offense.

The record reveals that an agreement that the case be tried by a six-person jury was made by the prosecutor and defense counsèl in the chambers of the trial judge in her presence while defendant remained in the courtroom. Defense counsel, however, had informed defendant that he had a right to a 12-person jury and that he could waive that right and consent to be tried by a 6-person jury. The defendant took no part in the decision to proceed with a six-person jury and made no objection to doing so.

The question of the propriety of the six-person jury arose for the first time on appeal. Defendant filed no post-trial motion. In *People v. Sparks* (1975), 26 Ill. App. 3d 278, 325 N.E.2d 49, this court ruled that where, after jury trial, no motion for a new trial was filed by a defendant in a criminal case, an issue that could have been raised in that motion was waived unless plain error concerning substantial rights of the defendant occurred. In order to determine whether such error occurred here, we must examine the derivation of the right of a defendant in a criminal case to a jury of 12 persons.

■■ ■ The Fourteenth Amendment guarantees defendants in State criminal cases a right to trial by jury where the offense charged is such that if the case were tried in a Federal court, Sixth Amendment rights would apply (*Duncan v. Louisiana* (1968), 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444). A jury of six persons is sufficient in size to meet that constitutional requirement (*Williams v. Florida* (1970), 399 U.S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893). Article I, section 13 of the Illinois Constitution of 1970 provides, "The right of trial by jury as heretofore enjoyed shall remain inviolate." Similar provisions were contained in prior Illinois constitutions. The minutes of the Sixth Constitutional Convention indicate that the Bill of Rights Committee which drafted article I did not intend to empower the legislature to deny a defendant in a criminal case the right to have a jury of 12 persons to decide his case, but did intend to permit the defendant to waive that right (3 Record of Proceedings, Sixth Illinois Constitutional Convention 1427, verbatim transcript of June 2, 1970).

Prior to the adoption of the Illinois Constitution of 1970, statements that the right of trial by jury includes a right that the jury consist of 12 persons had recently been made in *People v. Ward* (1965), 32 Ill. 2d 253, 204 N.E.2d 741, and *People v. Kolep* (1963), 29 Ill. 2d 116, 193 N.E.2d 753, both cases decided on other grounds. A waiver by stipulation of a full jury of 12 has been upheld in *People v. Scudieri* (1936), 363 Ill. 84, 1 N.E.2d 225, where the parties agreed to a jury of 11. That court reasoned that if a defendant could waive his entire right to trial by jury, he could waive the participation of the full number of jurors. A similar ruling was made in *People v. Pierce* (1938), 369 Ill. 172, 15 N.E.2d 845. Since its enactment in 1963, section 103 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973,

ch. 38, par. 103—6) has provided that an accused has the right of trial by jury " * * * unless understandingly waived by defendant in open court" and section 115—4(b) (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(b)) has provided that " [t]he jury shall consist of 12 members."

The agreement between counsel in the case under consideration did not involve the waiver of the complete right to trial by jury but only the right to have the jury consist of 12 members. Since the jury did contain six members, no waiver of a Federal right was involved. In issue is the question of the waiver of a State constitutional and statutory right. The constitutional right has existed under the various State constitutions. In *Scudieri* the waiver was also made by stipulation of counsel and the opinion does not indicate whether the waiver was made in open court, whether the defendant was present or what explanation had been made to defendant of his rights. In the instant case, defendant was informed of his rights and acquiesced in the waiver. Section 103—6 which proclaims the statutory right of trial by jury further provides that the right can be waived only by the defendant in open court. Section 115—4(b) which sets forth various requirements for jury and bench trials proclaims the statutory right for a 12-person jury but makes no provision for the manner in which that right may be waived. However, the comments of the drafting committee indicate that the committee did not intend to abrogate the power of a defendant to agree to a lesser number of jurors as permitted in *Scudieri* (Ill. Ann. Stat., ch. 38, par. 115—4, Committee Comments—1963, at 69 (Smith-Hurd 1977)). No indication is shown in section 115—4 that the rights granted to defendants by that section can only be waived personally in open court.

In *People v. Murrell* (1975), 60 Ill. 2d 287, 291, 326 N.E.2d 762, 765, the court affirmed a conviction where a waiver of the full right of trial by jury had been made by defense counsel in open court and in the presence of the defendant but without the defendant indicating that he agreed to the waiver and without the record indicating that defense counsel had conferred in any way with defendant about the waiver. As partial grounds for its decision the court stated:

> "Neither of the defendants in these cases now before this court has urged that he wanted or that he was deprived of a jury trial. Also neither defendant urges that he was in any way prejudiced by his counsel's waiver. There is no contention that the waiver was not voluntary. Under these circumstances we will not reverse the convictions. *People v. Dudley*, 58 Ill. 2d 57; *People v. Morehead*, 45 Ill. 2d 326."

■■ The best procedure for the court to have followed in this case would have been for the court to have approved the stipulation for a 6-person jury only after having advised defendant in open court in the

presence of his counsel of his right to a full jury of 12 and after having ascertained of the defendant personally if he understood the right and waived it. We need not determine if that procedure is required. Defendant waived only one aspect of his right to trial by jury. He had that right explained by counsel, made no objection at that time and has never claimed that he did not understand that he had a right to a jury of 12 or claimed that he did not intend to agree to a jury of 6. Under these circumstances, we are persuaded that plain error did not occur here.

The defendant does not dispute that he broke a picture window and a door window at a recreation and pool hall but contends that his intoxication at the time prevented him from having committed a crime.

■■ An element of the offense of criminal damage to property as defined in section 21—1(a) of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 21—1(a)) is that the acts constituting the offense must be done "knowingly." A waitress testified that defendant was drunk but not very drunk and did not fall into the glass. Defendant did not admit remembering the breaking of the glass but did admit to being aware of much of his conduct just prior to breaking the glass. Under this evidence the question of whether defendant was capable of performing a knowing act was for the jury. *People v. Smith* (1975), 26 Ill. App. 3d 1062, 325 N.E.2d 623.

■■ Defendant also maintains that his intoxication was involuntary and thus operates as a defense under section 6—3 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 6—3) because it deprived "him of the substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirement of law." The basis for his contention that his intoxication was involuntary was evidence that he had been treated as a chronic alcoholic. Illinois courts have stated that involuntary intoxication can only be caused by trick, artifice or force. (*Bartholomew v. People* (1882), 104 Ill. 601; *People v. Walker* (1975), 33 Ill. App. 3d 681, 338 N.E.2d 449.) No case has been cited permitting involuntary intoxication to be proved by chronic alcoholism. Even if it could be proved in that way, the evidence would have to show that the alcoholism was so severe that it destroyed defendant's volition. No such evidence was presented here.

Because of our determination that no error in defendant's waiver of trial by a full jury was preserved for review and that the evidence supports a finding that defendant acted knowingly at the time of the offense and was not involuntarily intoxicated, we affirm the judgment appealed.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.