THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MONA MAYDEN, Defendant-Appellant.

Fourth District   No. 15136

Opinion filed May 3, 1979.

Richard J. Wilson and Gregory K. Harris, both of State Appellate Defender's Office, of Springfield, for appellant.

C. David Vogel, State's Attorney, of Pontiac (Robert C. Perry and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant, Mona Mayden, was convicted, by a jury, of the crime of escape and received a sentence of 1 to 3 years' imprisonment. At trial, she did not dispute the fact of the offense but presented an affirmative defense of necessity. The necessity was allegedly caused by her fears of homosexual attacks at the Dwight Correctional Center where she was imprisoned. Ms. Mayden raises two issues in her appeal: (1) Her right to a jury trial was infringed; and (2) the trial court unduly circumscribed her counsel's closing argument. We find neither argument persuasive and therefore affirm.

A jury of 12 persons was picked to decide this case. After the State had rested its case, the trial court announced that one juror had been excused because of a death in the family. The defense immediately proceeded with its case. There was no objection, nor express consent, by defendant to this change. The jury of 11 proceeded to hear the evidence and decide the case. There had been no stipulation that the case could proceed with fewer than 12 jurors. This issue was not raised in the post-trial motion. Defendant contends that the trial court violated her constitutional and statutorial rights to a jury of 12 persons by not obtaining her express waiver in open court.

■■ ■ This case falls squarely between the two extremes represented in previous cases. On the one hand, it is clear that it is reversible error for the trial to proceed with fewer than twelve jurors where defendant expressly objects to that procedure. (*Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457.) On the other hand, defendant has the right to waive a jury of 12 and expressly consent to be tried by fewer than 12.

(*People v. Quinn* (1977), 46 Ill. App. 3d 579, 360 N.E.2d 1221.) In this case, defendant neither expressly objected nor expressly consented.

The right to a trial by jury is a fundamental and substantial right and generally waiver will not be presumed from a silent record. (*People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762.) The State argues that defendant has waived this waiver issue by failing to raise it at trial or in the post-trial motion. In *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856, the supreme court noted that even constitutional issues can be so waived.

If the trial judge had dispensed with the entire jury under the same circumstances, it is clear that we would recognize error under the plain error doctrine (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)), as it would be a denial of substantial rights. Defendant argues that an infringement of part of the right to a jury should be judged by the same standards as the elimination of the whole right. We do not believe that to be so. Since there was a jury, although not of 12, no Federal constitutional right is involved. (*Quinn.*) A determination of the appropriateness of review under the plain error doctrine necessarily considers the degree of prejudice involved. *People v. Henderson* (1977), 45 Ill. App. 3d 798, 359 N.E.2d 909.

In the case at bar, there was no express consent, but neither was there asserted to be any prejudice. Defendant certainly was aware of what had happened and made no objection at any time. Under these circumstances, we will not depart from the general rule that issues not raised are waived. The plain error rule will not be applied in the absence of prejudice.

The second issue concerns the closing argument. Defense counsel apparently sought to argue in closing that Kathy Kinser, a woman who escaped with Ms. Mayden but was separately tried, was acquitted. A ruling was sought and permission refused. The request and ruling were not recorded, but the issue was raised and ruled upon in the post-trial motion. At the arguments on the post-trial motion, the judge defended his ruling on the ground that the fact that an accomplice was acquitted was irrelevant. Defendant argued, and argues here, that once evidence has been admitted, that evidence, and inferences therefrom, can be argued to the jury even if the evidence itself could have been objected to.

In point of fact, Kathy Kinser never testified that she was acquitted of the charge of escape. The testimony was:

"Q. Kathy, what crimes have you been charged with in your life?
A. Armed robbery and escape.
Q. And have you been convicted?
A. Just of armed robbery.
Q. You were not convicted of escape?
A. No."

Evidence that an accomplice has been separately convicted or has

pleaded guilty to the same offense as defendant is generally inadmissible. The reason for the rule is that the same evidence may not have been presented at both trials. Defendant must be tried upon evidence that logically tends to prove his own guilt and not that which proves another's. (*People v. Lotts* (1977), 48 Ill. App. 3d 684, 362 N.E.2d 1387.) The same reasoning shows us that an accomplice's innocence is equally irrelevant, that is, not persuasive of defendant's innocence. It follows that if it were error to prohibit defense counsel from arguing, "Kinser was not convicted, therefore she was acquitted, therefore she was innocent, therefore defendant is innocent," such error was harmless.

Accordingly, the judgment of the circuit court of Livingston County is affirmed.

Affirmed.

REARDON, P. J., and MILLS, J., concur.