THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE F. BRAGG, JR., Defendant-Appellant.

Third District Nos. 3—87—0542, 3—87—0543 cons.

Opinion filed December 5, 1988.

Thomas A. Lilien, of State Appellate Defender's Office, of Elgin, and Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Gary Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Willie F. Bragg, Jr., was charged in two complaints with the offense of battery (Ill. Rev. Stat. 1985, ch. 38, par. 12–3(a)(1)). After a jury trial in the circuit court of Rock Island County, defendant was found guilty of both charges and was sentenced to serve concurrent terms of four months in the county jail. The court also ordered defendant to reimburse the county $250 for the services of the public defender. Defendant appeals from his convictions and from the order of reimbursement.

In this appeal defendant contends that he was denied his constitutional right to a 12-person jury; he was denied a fair trial by prejudicial testimony of one of the State's witnesses; and he was improperly ordered to reimburse the county for the services of the public defender. An abbreviated recitation of the facts will suffice to explain our resolution of these issues.

According to the complaints and the State's evidence as presented at trial, on November 18, 1986, defendant struck Officer Mark Nenninger in the jaw and kicked him in the leg during a confrontation in the foyer of the Rock Island city courthouse. The scuffle was precipitated by defendant's accusation that Nenninger had accepted $50 from defendant to "take care of" defendant's traffic ticket. Defendant was found to be indigent and the Rock Island County public defender was appointed to represent him. Defendant's first trial ended in a mistrial when the jury failed to reach a verdict. The State commenced its second prosecution of defendant on May 13, 1987, before a six-person jury.

During the direct examination of Officer Scott Harris, who had been responsible for booking defendant on the battery charges, the prosecutor attempted to introduce defendant's intake sheet into evidence. Defense counsel objected. The intake sheet listed "one cannabis cigarette" among the items inventoried from defendant's person. Defense counsel successfully argued to the court that the evidence would unfairly introduce other crimes for which defendant was not being tried. The court, accordingly, sustained the objection, permitting the defendant to stipulate that he had $50 on his person at the time of his arrest for the instant battery charges. On cross-examination, however, Harris testified that he had taken from the defendant various items, including the money and some "contraband." Defense counsel did not object and no post-trial motion was filed on defendant's behalf.

Prior to sentencing, defense counsel filed a petition for reimbursement of the county for the reasonable costs of the public defender's

services and represented to the court that a total of 14 hours were expended by him on defendant's behalf. The court granted the petition, ordering $250 to be deducted from the $400 that defendant had posted for bond prior to trial and the balance to be returned to defendant. Defendant was sentenced to jail, as aforesaid, and filed a timely notice of appeal. Because no court reporter was present at defendant's trial, the record on appeal consists of only the common law record and the attorneys' agreed statement of the facts.

Defendant initially challenges his conviction on the ground that his statutory (Ill. Rev. Stat. 1985, ch. 38, par. 115—4(b)) and constitutional (Ill. Const. 1970, art. I, §§8, 13) right to be tried by a 12-person jury was violated. The issue is raised for the first time on appeal, and the State takes the position that defendant's failure to preserve the issue constitutes waiver. The State correctly notes that, because defendant was tried by at least six jurors, the issue is not of Federal constitutional dimension. (*People v. Quinn* (1977), 46 Ill. App. 3d 579, 360 N.E.2d 1221.) However, we will not lightly skip from that premise to application of the waiver doctrine without considering the degree of prejudice involved and whether we should review the issue pursuant to the plain error doctrine. *People v. Mayden* (1979), 71 Ill. App. 3d 442, 389 N.E.2d 901.

In this case, defendant's first jury trial ended in a mistrial. Defendant states in his appellate brief that his first jury was comprised of 12 members. This is not verified by the record on appeal. The record is silent as to the number of jurors selected and sworn for the first trial and affirmatively states that a six-person jury was chosen for the second trial. The record indicates that no less than four attorneys from the public defender's office separately participated in the defense at one time or another during the prosecutions of these complaints. On appeal, defendant has yet another attorney. We note further that although the complaints were unquestionably brought and prosecuted as criminal misdemeanors, the nature of the offenses is such that the cause could have been brought in tort. Clearly, as a civil complaint a six-person jury would have been appropriate under the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1105(b)); but, there is no corresponding authority for criminal trials by juries of less than 12 persons.

Indeed, the State's brief on appeal, as well as our own research, reveals only one reported case in Illinois in which criminal charges were tried by a six-person jury. (*Quinn*, 46 Ill. App. 3d 579, 360 N.E.2d 1221.) In *Quinn*, the record on appeal revealed that an agreement had been reached between defense counsel and the prosecutor

to try the case before the six-person jury. Defendant acquiesced in the waiver of a full jury after his attorney explained that he had a right to a 12-person jury. (46 Ill. App. 3d at 582-83, 360 N.E.2d at 1224.) On appeal, defendant challenged his conviction on the ground that he had not waived his right to a 12-person jury in open court. The court examined the constitutional and statutory underpinnings of the right of a criminal defendant to a jury of 12 and reviewed Illinois precedent for waiver of the full number of jurors. (*E.g., People v. Scudieri* (1936), 363 Ill. 84, 1 N.E.2d 225 (parties' agreement to jury of 11 held not constitutionally infirm, court reasoning that if defendant could waive his entire right to a jury, he could waive his right to the full number of jurors as well).) The court concluded that, although the better procedure would have been for the trial court to accept counsel's stipulation to the smaller jury only after defendant was appropriately advised and knowingly waived his right to a full jury in open court, given that defendant had never objected or claimed that he did not understand his jury rights, it was not plain error to have proceeded on counsel's stipulation out of defendant's presence. 46 Ill. App. 3d at 582-83, 360 N.E.2d at 1224.

 The court's analysis in *Quinn* convinces us that the court considered the right to a 12-person jury, although waivable, an essential feature of a substantial constitutional guarantee. As such, the doctrine of plain error may be invoked and error will be found if it appears that defendant was prejudiced by a violation of his right to a 12-person jury. Prejudice may be presumed where defendant was unaware of his right to a full jury and neither agreed to nor acquiesced in a decision to waive the full number of jurors. Conversely, were we here presented with a record from which we could state with conviction that defendant or his counsel had specifically agreed to proceed with a six-person jury, we would not hesitate to determine, as in *Quinn*, that defendant waived his State constitutional challenge for purposes of appeal. But, where the record is absolutely silent on the waiver aspects and we are not presented with a situation in which we can be assured that defendant was even aware of his right to a 12-person jury, we cannot conclude that defendant was not prejudiced by the infringement of his right to a full jury. (*Cf. People v. Mayden* (1979), 71 Ill. App. 3d 442, 389 N.E.2d 901 (wherein plain error rule was not applied on review because, although the record was silent on defendant's waiver or acquiescence, defendant could not have been unaware that one member of full jury was excused midway through trial and cause proceeded to a verdict with 11 members).) Accordingly, we find that this cause must be remanded to the circuit court for a

hearing to determine whether defendant waived his right. If upon further proceedings it is established that defendant knew that he had a right to a 12-person jury and nevertheless agreed to or acquiesced in the decision to proceed with a six-person jury, then defendant will be deemed to have waived the issue for purposes of appeal. If these conditions cannot be established, then we would consider the deprivation substantial and grant defendant's request for a new trial.

■ Defendant's second argument—that Officer Harris' reference to "contraband" among defendant's possessions at the time of booking deprived him of a fair trial—fails to persuade. The issue was waived by defendant's failure to object to the testimony at trial and to preserve the issue in a post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) Where no serious injustice was done to defendant, we will not consider the error under the plain error doctrine.

■ Lastly, we must reject defendant's contention that the sentencing court's order of reimbursement to the county for the services of the public defender was improper. From the record on appeal it appears that the court substantially complied with section 113—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1). We are unwilling to presume that the local court rule, by which the public defender petitions the court for reasonable fees for services rendered, places defense counsel in a position so contrary to his client's interests that justice cannot be served. It is the duty of the court, not the petitioner, to determine the amount, if any, that defendant must reimburse the county for counsel's services. In the absence of any showing that the sentencing court failed to consider defendant's financial circumstances pursuant to statute, we will not disturb the reimbursement order.

For the foregoing reasons, we remand this cause to the circuit court of Rock Island County for a further hearing on the question of waiver of a 12-person jury and for disposition consistent with the views expressed herein. We affirm in all other respects.

Remanded with instructions.

WOMBACHER and SCOTT, JJ., concur.