THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE JOHNSON, Defendant-Appellant.

Second District    No. 2—95—0988

Opinion filed December 19, 1996.

Wayne Johnson, of West Chicago, appellant *pro se.*

David R. Akemann, State's Attorney, of St. Charles (William L. Browers

and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Judith E. Koehler, of Chicago, for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

A jury found defendant, Wayne Johnson, guilty of resisting or obstructing a peace officer (720 ILCS 5/31—1(a) (West 1994)), and the court ordered him to pay fines and costs equal to the amount of the bond posted. Defendant appeals *pro se* and raises two issues for review: (1) whether the trial court erred in limiting the scope of defendant's examination of the police officers; and (2) whether the court erred in modifying a jury instruction after the jury retired to deliberate.

■ Before we address these contentions, we need to address the trial of this Class A misdemeanor by a jury of less than 12 persons. This court recognizes that a defendant may waive the right to have a 12-member jury and then may allow the trial to proceed before a jury of a lesser number. *People v. Pierce*, 369 Ill. 172 (1938). The record and briefs initially submitted were not clear concerning how a six-person jury was seated in this case. However, upon this court's request, the parties specifically addressed this issue. We acknowledge and accept defendant's statement that he acted voluntarily and purposefully in requesting only six jurors. Therefore, we determine that defendant did waive his right to a jury panel of 12 to hear and resolve this case.

■ We cannot review the first issue raised by defendant because he has failed to provide a transcript of the trial. The appellant has the duty to supply a sufficient record for review, and any doubts arising from the incompleteness of the record will be resolved against the appellant. *People v. Kirkpatrick*, 272 Ill. App. 3d 67, 70 (1995). Without a transcript or bystander's report, we cannot determine whether the trial court limited the proposed questions or why. We must therefore assume the trial court ruled appropriately.

■ Defendant next contends that the trial court erred in modifying the jury instruction. The complaint alleged that defendant resisted a peace officer in that he knowingly resisted the performance of an authorized act by Charles Davis, that being the "search during temporary questioning of [defendant], knowing Charles Davis to be a peace officer engaged in the execution of his official duties, in that [defendant] pushed and twisted requiring hand cuff [*sic*] restraints in order to be searched." The State tendered an instruction based on Illinois Pattern Jury Instructions, Criminal, No. 24—25.20 (3d ed. 1992) (IPI), that provided, "A person is not authorized to use force to resist an arrest which he knows is being made by a peace officer,

even if he believes that the arrest is unlawful and the arrest in fact is unlawful." Defendant did not object to this instruction, and it was given to the jury. During deliberations, the jury sent back a note that asked, " 'May we substitute "authorized act" for the "arrest" in the above phrase?' " The State, although believing the modification would make its case stronger, ultimately took no position on the jurors' question. Defendant objected because he believed that it was lawful to resist an authorized act. The court overruled the objection, noting that an authorized act is not necessarily a lawful act. The court concluded that a correct statement of the law is that a person is not authorized to use force to resist an authorized act or an arrest which he knows is being made by a peace officer. Therefore, the court amended the instruction to state "authorized act or arrest."

Defendant argues that an authorized act and an arrest are not interchangeable concepts; as such, the court erred in modifying the instruction. Defendant was charged with "knowingly resist[ing] or obstruct[ing] the performance by one known *** to be a peace officer *** of any authorized act within his official capacity." 720 ILCS 5/31—1(a) (West 1994). In *People v. Villarreal*, 152 Ill. 2d 368 (1992), the supreme court considered section 31—1 of the Criminal Code of 1961 (Code) (720 ILCS 5/1—1 *et seq.* (West 1994)) in conjunction with section 7—7 of the Code (720 ILCS 5/7—7 (West 1994)) that mirrors the language of the pattern instruction. The court determined that "the legislature intended to prevent individuals from using force in obstructing police officers in their performance of authorized acts." *Villarreal*, 152 Ill. 2d at 374. "Authorized" describes an act " 'endowed with authority.' " *People v. Hetzel*, 176 Ill. App. 3d 630, 633 (1988), quoting *People v. Shinn*, 5 Ill. App. 3d 468, 472 (1972). Here, the authorized act is a *Terry* stop (see *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968)), as a peace officer is endowed with the authority to stop a person in a public place for temporary questioning (725 ILCS 5/107—14 (West 1994)).

Most of the convictions under section 31—1 arise in the context of an arrest, rather than a *Terry* stop. See, *e.g.*, *Villarreal*, 152 Ill. 2d at 370; *People v. Lauer*, 273 Ill. App. 3d 469, 470 (1995); *People v. Peck*, 260 Ill. App. 3d 812, 816 (1994). In those cases, giving a pattern instruction based on section 7—7 of the Code accurately and adequately states the law. However, here the pattern instruction failed to adequately state the law as applied to resisting an authorized act other than an arrest. Where the IPI contain an applicable instruction, the court should give the pattern instruction unless the court determines that it does not accurately state the law. 134 Ill. 2d R. 451(a); *People v. Novak*, 163 Ill. 2d 93, 116 (1994). The decision to

draft and give a nonpattern instruction is entrusted to the trial court's discretion. *People v. Bush*, 157 Ill. 2d 248, 253 (1993). Accordingly, we conclude that if the court may draft an entirely new instruction, the court may also modify an existing instruction to bring it into conformity with the law. We also conclude that the court properly amended the instruction to include the term "authorized act." Therefore, we affirm defendant's conviction.

The judgment of the circuit court is affirmed.

Affirmed.

GEIGER and RATHJE, JJ., concur.