THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARRY MATTHEWS, Defendant-Appellant.

Fifth District     No. 5—96—0554

Opinion filed April 27, 1999.

WELCH, J., dissenting.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James Overholt, State's Attorney, of Vandalia (Norbert J. Goetten, Stephen E. Norris, and Heath H. Hooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

The defendant, Barry Matthews, was convicted by a six-person jury of aggravated criminal sexual assault and was sentenced to 20 years' imprisonment. On appeal, defendant raises the issues of whether he made a valid waiver of a 12-person jury and whether the sentence was an abuse of the trial court's discretion. Due to our disposition of this appeal, only the first issue will be discussed.

There are only four references to a six-person jury in the record. In chambers, in defendant's presence, prior to the selection of the jury, the following colloquy occurred:

"[Defense counsel]: I think we will be asking for a six[-]person jury.

THE COURT: The State indicated, I talked to the State and I talked to [defense counsel] yesterday about that possibility and the State had no objection.

[State's Attorney]: That's correct."

The second reference occurred when the court addressed the potential

jurors as follows: "[The trial] will be a little bit different in the sense we're only going to use a six-person jury. Normally, in a criminal case you would have a twelve-person jury, what you would be used to seeing on TV. But, we're going to go with a six-person jury and one alternate." The third is on the docket sheet: "Defendant present with counsel for jury trial. State's Attorney present. Defendant waives jury of 12 and requests jury of six. State's [Attorney] does not object. Jury selected." The last reference occurs in defendant's posttrial motion: "The court failed to obtain a written or oral waiver of trial by jury consisting of twelve members." Although the issue was raised in defendant's posttrial motion, it was not argued at the hearing on the motion.

■ This court has found few cases dealing with a defendant's waiver of fewer than a 12-person jury *prior* to the start of a jury trial. The fourteenth amendment to the United States Constitution guarantees defendants in state criminal proceedings a right to a trial by jury where the offense charged is such that if the case were tried in a federal court, sixth amendment rights would apply. *People v. Quinn*, 46 Ill. App. 3d 579, 581, 360 N.E.2d 1221, 1223 (1977). A jury of six persons is sufficient in size to meet that constitutional requirement. *Quinn*, 46 Ill. App. 3d at 581, 360 N.E.2d at 1223. Article I, section 13, of the Illinois Constitution of 1970 provides, "The right of trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const. 1970, art. I, § 13. The minutes of the Sixth Constitutional Convention indicate that the Bill of Rights Committee which drafted article I did not intend to empower the legislature to deny a defendant in a criminal case the right to have a jury of 12 persons to decide his case, but it did intend to permit the defendant to waive that right. See *Quinn*, 46 Ill. App. 3d at 582, 360 N.E.2d at 1223. Section 103—6 of the Code of Criminal Procedure of 1963 provides that an accused has the right of trial by jury "unless (i) understandingly waived by defendant in open court" (725 ILCS 5/103—6 (West 1996)). Therefore, the issue raised is one of Illinois law and not federal constitutional law.

In *People v. Scudieri*, 363 Ill. 84, 1 N.E.2d 225 (1936), counsel for the State and counsel for each of the defendants expressly stipulated and consented that the cause would be heard by 11 jurors in lieu of 12, as there were only 11 persons available on the panel. Our supreme court reasoned that if a defendant could waive an entire jury, a defendant could also waive one or more jurors so long as the State and the court concurred. Our supreme court held that no error was committed by the trial court in proceeding to the trial of the case with a jury composed of only 11 members. *Scudieri*, 363 Ill. at 87, 1 N.E.2d at 227.

In *Scudieri*, the waiver was made by the stipulations of counsel, and the opinion does not indicate whether the waiver was made in open court, whether the defendants were present, or what explanation had been made to the Scudieris of their rights. *Quinn*, 46 Ill. App. 3d at 582, 360 N.E.2d at 1223.

In *People v. Pierce*, 369 Ill. 172, 15 N.E.2d 845 (1938), prior to the start of trial, it was stipulated by the defendant, his trial counsel, and the People that the court should allow the trial to proceed with only 11 jurors, because the jury panel was exhausted. *Pierce*, 369 Ill. at 175, 15 N.E.2d at 846. On appeal, Pierce alleged that proceeding with an 11-person jury was error. Our supreme court held that the point is procedural; therefore, the defendant could not take advantage of a circumstance that arose only through his own action and consent. *Pierce*, 369 Ill. at 175, 15 N.E.2d at 846. Again, the opinion does not indicate what if any explanation had been made to Pierce of his right to a 12-person jury.

In *People v. Quinn*, 46 Ill. App. 3d 579, 360 N.E.2d 1221 (1977), an agreement that the case would be tried by a six-person jury was made by the prosecutor and defense counsel in the chambers of the trial judge in the judge's presence while the defendant remained in the courtroom. Defense counsel, however, had informed the defendant that he had a right to a 12-person jury and that he could waive that right and consent to be tried by a six-person jury. The defendant took part in the decision to proceed with a six-person jury and made no objection to doing so. *Quinn*, 46 Ill. App. 3d at 581, 360 N.E.2d at 1222. On appeal, Quinn maintained that the trial court committed reversible error in permitting him to be tried by a six-person jury rather than a 12-person jury. *Quinn*, 46 Ill. App. 3d at 580, 360 N.E.2d at 1222. The appellate court concluded that, although the better procedure would have been for the trial court to accept counsel's stipulation to the smaller jury only after the defendant was appropriately advised and knowingly waived his right to a full jury in open court, given that the defendant had never objected or claimed that he did not understand his jury rights, it was not plain error to have proceeded on counsel's stipulation out of the defendant's presence. *People v. Bragg*, 176 Ill. App. 3d 1080, 1084, 531 N.E.2d 821, 823 (1988).

In *People v. Bragg*, 176 Ill. App. 3d 1080, 531 N.E.2d 821 (1988), the defendant was charged in two complaints with the offense of battery. His first trial ended in a mistrial. The record did not reveal the number of persons who served on the first jury. Bragg was convicted at the second trial, by a jury of six, of both charges and was sentenced to concurrent terms of four months' imprisonment. Not until the appeal of Bragg's convictions did he raise the issue that his statutory

and constitutional right to be tried by a 12-person jury was violated. *Bragg*, 176 Ill. App. 3d at 1083, 531 N.E.2d at 823. The court found that the doctrine of plain error may be invoked and error will be found if it appears that the defendant was prejudiced by a violation of his right to a 12-person jury. *Bragg*, 176 Ill. App. 3d at 1084, 531 N.E.2d at 823. The court found that prejudice may be presumed where the defendant was unaware of his right to a full jury and neither agreed to nor acquiesced in a decision to waive the full number of jurors. *Bragg*, 176 Ill. App. 3d at 1084, 531 N.E.2d at 823. The court reasoned that where the record is absolutely silent on the waiver aspects and there are no assurances that defendant was even aware of his right to a 12-person jury, a reviewing court could not conclude that Bragg was not prejudiced by the infringement of his right to a full jury. *Bragg*, 176 Ill. App. 3d at 1084, 531 N.E.2d at 824. The court remanded the cause for a hearing to determine whether Bragg knew he had a right to a 12-person jury and waived that right or acquiesced in the decision to proceed with a six-person jury, and if the foregoing condition could not be established, the defendant's request for a new trial was to be granted. *Bragg*, 176 Ill. App. 3d at 1084-85, 531 N.E.2d at 824.

In *People v. Johnson*, 285 Ill. App. 3d 307, 674 N.E.2d 487 (1996), the appellate court noted that the record and briefs initially submitted were not clear concerning how a six-person jury was seated in a case in which defendant was found guilty of resisting or obstructing a peace officer, a Class A misdemeanor. Upon the court's request, the parties specifically addressed the issue. Johnson, who was appearing *pro se*, responded that he acted voluntarily and purposely in requesting only six jurors. The court accepted Johnson's statement. *Johnson*, 285 Ill. App. 3d at 308, 674 N.E.2d at 487. The *Johnson* case is important in that a court of this state found that the right to a jury trial of 12 persons is so fundamental that a reviewing court raised on its own motion the issue of how a jury of six was impaneled.

■ Courts of this state have found that a criminal defendant's right to a 12-person jury is so fundamental that reviewing courts will invoke the plain error doctrine where appropriate or raise the issue on its own motion. The right to a 12-person jury is an essential feature of a substantial constitutional guarantee. *Bragg*, 176 Ill. App. 3d at 1084, 531 N.E.2d at 823. In the case at bar, nothing in the record indicates that defendant was aware of his right to a 12-person jury. Nothing in the record indicates that defendant agreed to a jury of fewer than 12 members, as occurred in *Quinn*, or acquiesced in a jury of six. Prejudice may be presumed where defendant was unaware of his right to a 12-person jury and neither agreed to nor acquiesced in a decision to

waive the full number of jurors. *Bragg*, 176 Ill. App. 3d at 1084, 531 N.E.2d at 823. The State argues, "Because the record indicates that defendant not only stipulated to a six-person jury[ ] but actually requested one, it is fair to assume that defendant was fully informed of his right to a twelve-person jury and voluntarily waived it." On a silent record, this court refuses to make the same assumption as does the State. This court, therefore, reverses the judgment of the circuit court and remands this cause for a new trial. This court declines to follow the remedy provided in *Bragg* for two reasons. First, this issue was raised in the posttrial motion and should have been resolved at the hearing on that motion. Second, the trial occurred over 2½ years prior to this decision, and this court believes that a reconstruction of what occurred prior to the trial would be difficult. See *People v. Neal*, 179 Ill. 2d 541, 554, 689 N.E.2d 1040, 1046 (1997).

For the foregoing reasons, the judgment of the circuit court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

GOLDENHERSH, J., concurs.

JUSTICE WELCH, dissenting:

As I believe the record in this case is anything but "silent," I respectfully dissent.

A good portion of the majority's decision discusses the facts and holding in *Bragg*. However, for some mysterious reason, the majority omits the following statement made by that court:

"[W]ere we here presented with a record from which we could state with conviction that defendant *or his counsel* had specifically agreed to proceed with a six-person jury, *we would not hesitate* to determine, as in *Quinn*, that defendant waived his State constitutional challenge for purposes of appeal." (Emphasis added.) *Bragg*, 176 Ill. App. 3d at 1084.

The reason this court in *Bragg* remanded for further proceedings is because the record was "absolutely silent" regarding the defendant's waiver of his right to a 12-person jury and absolutely nothing showed that the defendant was aware of the right to a 12-person jury. *Bragg*, 176 Ill. App. 3d at 1084. Based on the statements made in *Bragg*, we can conclude that the record did not show that defense counsel specifically agreed to a six-person jury. Otherwise, according to its own analysis, its result would have been different.

The facts in *Bragg* differ from the facts in the case at bar because, here, the record contains multiple instances indicating that defendant

knowingly waived his right to a 12-person jury and that defendant could not have been unaware of his right to a 12-person jury. First, as the majority points out, defense counsel not only specifically agreed to a six-person jury, which would have been enough to change the result in *Bragg*, but he requested a six-person jury *in the presence of defendant*. In addition, the court stated the following to potential jurors, *in the presence of defendant*:

> "[The trial] will be a little bit different in the sense we're only going to use a six-person jury. Normally, in a criminal case you would have a twelve-person jury ***."

Finally, there is a docket entry which states, "Defendant waives jury of 12 and requests jury of six." These instances do not demonstrate a record which is "silent." Defendant never objects, never claims that he did not waive his right to a 12-person jury, and never claims that he was unaware of his right to a 12-person jury.

A knowing and understanding oral jury waiver can be found where, in the accused's presence and without objection from the accused, defense counsel expressly advises the court of the accused's desire to proceed by a bench trial. *People v. Eyen*, 291 Ill. App. 3d 38, 41 (1997). There is no reason why that reasoning should not apply here, where defendant does not even completely waive his right to a jury trial but merely agrees to a reduction in the number of jurors. In this case, not only do we have defense counsel's request and agreement for a six-person jury, made in the presence of defendant without defendant's objection, we have a docket entry which clearly indicates that defendant waived his right to a 12-person jury, and we have statements made in defendant's presence pointing out that a six-person jury is unusual. Accordingly, I do not believe that the record in this case is silent. Instead, I believe that it shows that defendant acquiesced to a waiver of a 12-person jury and that he could not have been unaware of his right to a 12-person jury. In finding such, I must respectfully dissent.