THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES E. LaFOND, Defendant-Appellant.

Third District   No. 3—02—0426

Opinion filed October 23, 2003.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, and Kelli M. Childress, of Batavia, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (Lawrence M. Bauer and Sabrina H. Henry, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, James E. LaFond, was charged with aggravated battery (720 ILCS 5/12—4(b)(6) (West 2000)) and resisting a peace officer (720 ILCS 5/31—1(a) (West 2000)). Following the first jury trial, the judge declared a mistrial, stating that the defendant had not agreed to proceed with 11 jurors after 1 juror was hospitalized. At the conclusion of a second jury trial, the defendant was found guilty of both offenses. He was sentenced to 3 years' imprisonment for aggravated battery and 364 days in the county jail for resisting a peace officer, to be served concurrently. On appeal, the defendant argues that (1) it was error for the trial judge to, *sua sponte*, declare a mistrial and hold a second trial in violation of his double jeopardy rights; and (2) his trial counsel was ineffective by failing to preserve an adequate record in order to protect his double jeopardy rights. We affirm.

## BACKGROUND

At the conclusion of the first trial, the judge excused the alternate juror on Thursday, April 5, 2001, and allowed the remaining 12 jurors to go home for the evening. When the jury returned the following Friday morning, April 6, 2001, the judge stated that one of the remaining 12 jurors had been hospitalized that morning. The judge said, "As there's [*sic*] now only 11 [jurors], I need to declare a mistrial." After the jury left the courtroom the following exchange took place:

"THE COURT: All right. [Defense counsel], I just want to make sure it's clear on the record. I had 11 jurors, but I believe you and Mr. LaFond would not agree to 11 jurors; is that correct?

[DEFENSE COUNSEL]: That's correct, Judge.

THE COURT: Okay. And that's why the Court declared a

mistrial. There was no agreement as to 11 jurors. The defense was objecting.

Show mistrial was declared as the case could not be continued over to Monday as three or four of the jurors were unable to return on Monday."

The trial court's docket sheet entry for April 6, 2001, states: "Court is informed that one of the remaining 12 jurors has been hospitalized earlier this morning. As there was no agreement ofthe [*sic*] parties to continue with less than 12 jurors, court declares a mistrial." The defendant did not file a written posttrial motion between the end of the first trial and the beginning of the second trial.

The defendant was convicted of the offenses in the second trial. Following that trial, the defendant filed a motion for a judgment notwithstanding the verdict or, alternatively, for a new trial. In this motion, the defendant did not raise the issues he now raises on appeal. The defendant was sentenced and he appealed.

## ANALYSIS

The defendant did not preserve the issues raised on appeal in a written posttrial motion. The State contends, therefore, that these issues are waived. The defendant asks that these issues be analyzed for plain error.

### I. Waiver and Plain Error

■ Failure to include an issue in a posttrial motion results in waiver of a defendant's issue on appeal. *People v. Ramos*, 339 Ill. App. 3d 891, 791 N.E.2d 592 (2003). However, plain errors affecting substantial rights may be noticed by an appellate court despite the defendant's failure to raise the errors in a posttrial motion. 134 Ill. 2d R. 615(a). The plain error doctrine allows an appellate court to review defects affecting substantial rights if the evidence is closely balanced or if required by fundamental fairness rather than to find the defendant's claims waived. *People v. Donoho*, 204 Ill. 2d 159, 788 N.E.2d 707 (2003). Because the defendant in this case did not raise his double jeopardy or ineffective assistance of counsel issues in a posttrial motion, we review these issues for plain error.

### II. Mistrial and Double Jeopardy

The defendant submits that it was plain error for the trial judge to, *sua sponte*, declare a mistrial and hold a second trial in violation of his double jeopardy rights.

■ Both the constitutions of the United States and the State of Illinois prohibit subjecting a criminal defendant to jeopardy twice for the same offense. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10.

In Illinois, a subsequent prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, and the former prosecution was improperly terminated after the jury was impaneled and sworn. 720 ILCS 5/3—4(a)(3) (West 2002).

■ The prohibition against placing a defendant in double jeopardy does not preclude a second trial after a mistrial. *People v. Daniels*, 187 Ill. 2d 301, 718 N.E.2d 149 (1999). A second prosecution generally is not barred if a mistrial was declared on the defendant's own motion or with his consent. *United States v. Jorn*, 400 U.S. 470, 27 L. Ed. 543, 91 S. Ct. 547 (1971). A second trial is permitted when the mistrial was justified by manifest necessity. *People v. Hudson*, 171 Ill. App. 3d 1029, 526 N.E.2d 164 (1987).

■ The doctrine of manifest necessity commands a trial judge not to foreclose a defendant's right to have a particular tribunal decide his fate unless the ends of justice would be defeated by continuing the proceedings. *Jorn*, 400 U.S. 470, 27 L. Ed. 543, 91 S. Ct. 547; *People v. Street*, 316 Ill. App. 3d 205, 735 N.E.2d 1052 (2000). The question concerning whether manifest necessity warranted a mistrial is determined by the facts of each case. Among the factors an appellate court may consider in making a "manifest necessity" determination are: (1) whether the difficulty was the product of events over which the court and the parties had no control; (2) whether the difficulty could have been cured by an alternative that would have preserved the trial's fairness; (3) whether the trial judge considered alternatives to a mistrial; and (4) whether a subsequent conviction would be subject to reversal on appeal. *Street*, 316 Ill. App. 3d 205, 735 N.E.2d 1052.

■ A criminal defendant has a constitutional right to a trial by jury. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 13. In Illinois, the jury for a criminal trial shall consist of 12 members. 725 ILCS 5/115—4(b) (West 2002). Violation of a defendant's right to a 12-person jury is plain error. However, a defendant may waive his right to a 12-person jury and proceed with as few as 6 jurors. *People v. Matthews*, 304 Ill. App. 3d 415, 710 N.E.2d 524 (1999).

■ In this case, the record shows that the defendant objected to proceeding with 11 jurors. He was, thereby, asserting his constitutional right to a trial by jury, and his statutory right for that jury to consist of 12 persons. He did not waive these substantial rights. However, he neither moved for nor consented to a mistrial. See *Jorn*, 400 U.S. 470, 27 L. Ed. 543, 91 S. Ct. 547. Therefore, we must determine whether the trial court was justified in declaring a mistrial because of manifest necessity.

We next consider the relevant "manifest necessity" factors from *Street*. The trial difficulty was created by the hospitalization of one of

the jurors, which was a circumstance over which neither the court nor the parties had control. Proceeding with 11 jurors was the only alternative to a mistrial, but this alternative would not have preserved the trial's fairness to the defendant. The judge considered the alternative of continuing the case until the following Monday, but some of the remaining 11 jurors would have been unavailable by that time. Most importantly, a subsequent conviction from an 11-person jury would have been subject to a plain error reversal on appeal. See *Matthews*, 304 Ill. App. 3d 415, 710 N.E.2d 524. Therefore, under *Street*, the trial court's declaration of a mistrial was warranted by manifest necessity.

It was not plain error for the trial court to declare a mistrial. Thus, we hold that the defendant was not placed in double jeopardy by the trial court declaring a mistrial after the first trial and proceeding with a second trial.

### III. Ineffective Assistance

The defendant argues that his trial counsel provided ineffective assistance by failing to preserve an adequate record in order to protect his double jeopardy rights.

To prove that his trial counsel was ineffective, a defendant must show that (1) counsel's conduct fell below an objective standard of reasonableness, and (2) the deficient performance so prejudiced the defendant that it is reasonably probable the result would have been different but for the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *People v. Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984). A court may resolve a claim of ineffective assistance of counsel by reaching only the prejudice prong of the *Strickland* test, because a lack of prejudice makes the issue of counsel's alleged deficient performance irrelevant. *People v. Hall*, 194 Ill. 2d 305, 743 N.E.2d 521 (2000).

In the instant case, the defendant was not prejudiced by his trial attorney's failure to preserve a more thorough record. As discussed above, the record is clear that the defendant objected to proceeding with 11 jurors. He was not subjected to double jeopardy as a result of a second trial following the court's declaration of a mistrial. The defendant's trial counsel did not provide ineffective assistance, and therefore, there was no plain error concerning this issue.

### CONCLUSION

For the foregoing reasons, we affirm the Kankakee County circuit court's judgment of conviction.

Affirmed.

SCHMIDT and BARRY, JJ., concur.