THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SANDRA BARRIER, Defendant-Appellant.

Third District    No. 3—03—0568

Opinion filed August 19, 2005.

McDADE, J., concurring in part and dissenting in part.

Fletcher P. Hamill, of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Hettel, State's Attorney, of Ottawa (Lawrence M. Bauer and Sabrina S. Henry, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHMIDT delivered the opinion of the court:

Following a jury trial, defendant Sandra Barrier was convicted of driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 2002)). She was sentenced to two years' probation and 62 days in jail. She also was ordered to pay costs and fines in the amount of $600. Defendant appeals, arguing that (1) her right to be tried by a 12-person jury was violated when one juror was excused on the first day of trial; and (2) she is entitled to monetary credit for 31 days spent in presentence custody. We affirm defendant's conviction and grant the monetary credit.

## BACKGROUND

The record shows that Assistant Public Defender John Fisher was appointed to represent defendant. Counsel entered a plea of not guilty.

The cause was called for a jury trial on April 28, 2003. Although the record on appeal contains no verbatim report of proceedings conducted on that date, the common law record shows that defendant was present with attorney Fisher, and 12 jurors were selected. The record further shows that the parties agreed not to select alternates, thereby risking the possibility and obviously agreeing that they would proceed to a verdict by less than 12 jurors. One of the jurors selected on April 28 was Ronald Wagner. After the jurors were sworn and

admonished, they were released for the evening and told to return to hear the case the next morning.

On April 29, 2003, defendant appeared in court with counsel, and the following colloquy was recorded:

"THE COURT: Could counsel approach the bench? This is on the record. Yesterday, when we were picking the jurors, it was agreed that we would not have an alternate.

MR. JENNETTON [Assistant State's Attorney]: That's correct.

MR. FISHER [Defense attorney]: That's correct.

THE COURT: We will either proceed ahead with 11 jurors.

MR. FISHER: That would be fine.

MR. JENNETTON: Yes.

MR. OLEWINSKI [Assistant State's Attorney]: Yes.

THE COURT: All right. Have a seat. Mr. Wagner, come on up here.

* * *

THE COURT: All right. So what I am going to do is, when the jury comes in, I will tell them that you are ill and were unable to come here, but we are going to proceed with 11.

MR. WAGNER: Thank you, sir."

After Wagner was released and before the jury entered the courtroom, the court invited the parties to present any other motions. Neither defendant nor defense counsel raised any objections to the 11-member jury.

After the 11 jurors were seated in the jury box, the judge stated the following in his opening remarks:

"THE COURT: There are a few matters that came up, some unrelated to this case. One, though, that is related, is the fact that one of the jurors took ill. Nothing serious, but he is unable to be here today.

So, both parties have agreed that we can proceed ahead with the trial, with the 11 of you, who will make the decision. So instead of 12, there will be 11."

The jury found defendant guilty as charged. Consequently, the court revoked defendant's bond and set the cause for sentencing on May 15, 2003. On that date, defendant expressed discontent with her attorney. The record shows that the trial court discharged Fisher and appointed La Salle County Public Defender Daniel Bute.

Bute then filed a motion for new trial arguing, *inter alia*, that error resulted from proceeding to trial with less than 12 jurors without first obtaining defendant's personal waiver of her right to a 12-person jury. No issue of ineffective assistance of counsel was raised.

Defendant's motion was heard on July 3, 2003. After reviewing the record and relevant case law cited by the parties, the court denied

the motion, and the cause proceeded to sentencing. Defendant was sentenced to 2 years of reporting probation and a 62-day jail term with credit for time served prior to the sentencing hearing. She also was ordered to perform 100 hours of community service and to pay costs and fines totaling $600, the amount of bond posted in the case.

## ISSUES AND ANALYSIS

### 1. Waiver of 12-Person Jury

On appeal, defendant first argues that she is entitled to a new trial, because the court failed to obtain a valid waiver of her right to a 12-person jury. She asserts that, without a record of her personal oral or written waiver, the court's acceptance of her attorney's stipulation to an 11-person jury was reversible error. She notes that two appellate decisions are directly on point, but they reach opposite conclusions. See *People v. Matthews*, 304 Ill. App. 3d 415, 710 N.E.2d 524 (1999); *People v. Chandler*, 7 Ill. App. 3d 949, 289 N.E.2d 67 (1972).

██ ██ In this state, a criminal defendant's right to a jury of 12 is guaranteed by article I, section 13, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 13) and by section 115—4(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—4(b) (West 2002)). However, it is well settled that a defendant may waive her rights and proceed with a trial before a jury of a lesser number. *People v. Scudieri*, 363 Ill. 84, 1 N.E.2d 225 (1936); *People v. Pierce*, 369 Ill. 172, 15 N.E.2d 845 (1938). Although the right to a jury trial is generally a personal right that may be waived only by the defendant's affirmative waiver, reversible error may not be found where a defendant acquiesces in her attorney's decision to proceed with a jury composed of fewer than 12 jurors. See *People v. Quinn*, 46 Ill. App. 3d 579, 360 N.E.2d 1221 (1977). The question presented here, as in *Chandler* and *Matthews*, is whether defense counsel's waiver of the right to a 12-person jury in the defendant's presence was valid. For purposes of this appeal, we do not find *Chandler* and *Matthews* irreconcilable.

In *Chandler*, as here, a 12-person jury was selected with no alternates. One of the jurors became ill mid-trial and was excused. The court then stated for the record that the parties had agreed to proceed with no fewer than 10 jurors. Defense counsel and the prosecutor agreed with the court's statement. On appeal, Chandler argued that he was entitled to a new trial because the record failed to show his personal waiver of the right to a 12-person jury. The court disagreed, stating:

> "A similar situation was considered by a court in the case of *Williams v. United States*, 332 F.2d 36. We agree with what the court said in that case:

'We conclude from examining the record that petitioner was present when the oral stipulation was made and that he was also present when the agreement in regard to proceedings with less than twelve jurors was put into effect. In addition we hold that the record shows that petitioner was satisfied when the court proceeded with eleven jurors.' " *Chandler*, 7 Ill. App. 3d at 955, 289 N.E.2d at 71.

More recently, in *Matthews*, the record contained three references to proceeding with the trial of a misdemeanor charge with a six-person jury. The decision to so proceed was made in Matthews' presence prior to jury selection. After the six-person jury heard the case and found Matthews guilty, Matthews filed a posttrial motion raising the six-person-jury issue. However, the issue was not argued. *Matthews*, 304 Ill. App. 3d 415, 710 N.E.2d 524.

On appeal, after reviewing several decisions involving trials by juries of fewer than 12 persons, the court acknowledged that defense counsel could validly stipulate to a defendant's waiver of a 12-person jury if no prejudice resulted to the defendant. The court noted that the record did not affirmatively show that Matthews was aware of his right to a 12-person jury and found that the record was "silent" with respect to Matthews' agreement or acquiescence in proceeding before a six-person jury. Accordingly, the court presumed that Matthews was prejudiced by the proceeding and granted him a new trial. *Matthews*, 304 Ill. App. 3d 415, 710 N.E.2d 524.[1]

In this case, the trial court relied on *Chandler* in denying defendant's motion for a new trial on the ground of an invalid waiver of her right to a 12-person jury. In so ruling, the court applied the proper precedent. Unlike *Matthews*, it cannot be argued in this case that defendant might have been unaware of her right to a 12-person jury.

Like *Chandler*, the record here discloses that the parties entered an agreement in defendant's presence to select a 12-person jury and no alternates. It is inconceivable that there was a discussion about not selecting alternate jurors that did not include an agreement to proceed with less than 12 jurors. Why would you discuss an alternate if there

---

[1]In a strongly worded dissent, Justice Welch found that the record was "anything but 'silent' " with regard to Matthews' acquiescence in the decision to proceed with the six-person jury. Justice Welch stated that the record amply established that Matthews knowingly waived his right to a 12-person jury, and, based on the court's explanation to the venire that a criminal trial by a six-person jury was unusual, Matthews could not have been unaware of his right to a 12-person jury. *Matthews*, 304 Ill. App. 3d at 420-21, 710 N.E.2d at 527-28 (Welch, J., dissenting).

was no right to a 12-person jury? Unlike *Chandler*, the record on appeal does not show the minimum number of jurors defendant demanded on April 28, 2003. However, by foregoing her right to select alternates on that date, defendant necessarily acquiesced in the decision to proceed to a verdict with some number less than 12 if one or more of the 12 jurors sworn in that day became too ill to hear the case. As in *Chandler*, the record here shows that defendant was present and stood silent when the agreement to proceed with fewer than 12 jurors was put into effect. If defendant had any objection to proceeding with fewer than 12 jurors, she had ample opportunity to make her objection known before the 11 jurors returned a guilty verdict.

In our opinion, the record here, as in *Chandler*, demonstrates defendant's acquiescence in proceeding to trial with the remaining 11 jurors. Defendant is not entitled to retract her waiver of a 12-person jury solely because she is disappointed by the remaining jurors' verdict. Accordingly, we hold that defense counsel's waiver was valid, and defendant is not entitled to a new trial.

### 2. Monetary Credit for Presentence Incarceration

■ Defendant also argues that she is entitled to monetary credit for time she spent in jail prior to sentencing. The State does not object, noting only that such credit may not be applied against the Violent Crime Victims Assistance Fund fine (725 ILCS 240/10(b) (West 2002)).

Generally, a person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied upon conviction is entitled to $5 credit for each day of presentence incarceration. 725 ILCS 5/110—14 (West 2002); *People v. Raya*, 250 Ill. App. 3d 795, 621 N.E.2d 222 (1993). However, such credit does not apply to penalties imposed pursuant to the Violent Crime Victims Assistance Act (Act) (725 ILCS 240/1 *et seq.* (West 2002)). The Act provides for an additional penalty of $4 for every $40, or fraction thereof, of other fines imposed. 725 ILCS 240/10(b) (West 2002).

The record shows that defendant is entitled to credit for the date of her arrest and for 30 days from the date of her conviction until bail was posted on her behalf. The sentencing order indicates that the court imposed $590 in fines, including a violent crime victims assistance fine, and $10 in costs, for a total of $600. This amount was equal to the bond money posted on defendant's behalf.

Defendant is entitled to $155 credit for 31 days in custody. Since it appears that costs and the violent crime victims assistance fine amounted to only $70, we remand the cause to the trial court so that $155 of the remaining $530 in fines may be refunded to the persons who provided bail money for defendant.

## CONCLUSION

We hereby modify defendant's sentencing order to reflect credit in the amount of $155 against defendant's fines and remand the cause for proper distribution of refunds. In all other respects, we affirm the judgment of the circuit court of La Salle County.

Affirmed as modified and remanded.

O'BRIEN, J., concurs.

JUSTICE McDADE, concurring in part and dissenting in part:

In this case, the majority finds that defendant Sandra Barrier's right to a 12-person jury was properly waived by her attorney and that there was no basis for her complaint of having been convicted by only 11 jurors. Defendant's claim of entitlement to monetary credit for 31 days in presentence custody was granted. I concur in the latter finding but, for the following reasons, respectfully dissent from the decision that her state constitutional and statutory rights were adequately and appropriately waived.

After noting a split of authority in the appellate court on this issue, the majority has elected to follow *People v. Chandler*, 7 Ill. App. 3d 949, 289 N.E.2d 67 (1972), and the dissent in *People v. Matthews*, 304 Ill. App. 3d 415, 420-21, 710 N.E.2d 524 (1999) (Welch, J., dissenting). The dissenting justice, in what seems to me to be an unwarranted leap of faith, concluded that because the court had said that trial by a six-person jury was "unusual," knowledge of defendant's *right* to a 12-person jury and his acquiescence to the attorney's waiver of that right could properly be presumed. I believe that the majority opinion in *Matthews* is the better-reasoned analysis and best addresses both the letter and the spirit of the constitutional and statutory protections and the legal concept of waiver.

Our supreme court has found that a defendant can waive the right to be tried by a 12-person jury. *People v. Pierce*, 369 Ill. 172, 15 N.E.2d 845 (1938); *People v. Scudieri*, 363 Ill. 84, 1 N.E.2d 225 (1936). It is also clear that waiver of the right by a defendant's attorney with the defendant's acquiescence is not reversible error. *People v. Quinn*, 46 Ill. App. 3d 579, 360 N.E.2d 1221 (1977). I agree with the *Matthews* court, that in the absence of some showing that defendant was made aware, prior to the waiver, that he or she had a right to refuse to proceed with less than a 12-person jury, prejudice should be presumed and the case remanded for a new trial.

In some circumstances, it is at least conceivable that a court might be justified in assuming that the defendant had been advised by

counsel that he or she was constitutionally and statutorily entitled to be tried by 12 persons and that proceeding before fewer would require a knowing and voluntary waiver of the right. Such is not the case here. It is absolutely clear from the transcript that the entire matter of excusing the ill juror came up unexpectedly on the morning of trial and was handled immediately in the courtroom. The record is totally devoid of any affirmative showing that either the court or defense counsel explained to defendant that she had a right to a 12-person jury and could refuse to proceed with fewer jurors. The court, after going on the record and confirming the agreement of the parties the preceding day to not pick an alternate, said: "We will either proceed ahead with 11 jurors." Without even waiting for the court to state any available alternatives and without time to explain to the defendant what rights she had with respect to what was happening, defense attorney said: "That would be fine." Both assistant State's Attorneys also immediately agreed. It cannot be denied that defendant raised no objection to proceeding with the smaller jury, but it also cannot be argued on these facts that her silence constituted acquiescence to her attorney's waiver of a constitutional and statutory right that she knew she possessed. Nor is there any support anywhere in the record for the State's argument on appeal that the attorney's waiver was a matter of legitimate trial tactics or prudent trial strategy. See *People v. Scott*, 355 Ill. App. 3d 741, 824 N.E.2d 302 (2005). The State merely assumes that defense counsel not only thought about the wisdom of waiving the 12-person jury but also drew an instantaneous conclusion that there were legitimate and prudent reasons for doing so. The record does not support such an assumption.

The majority asserts that it cannot be argued that defendant might have been unaware of her right to the 12-person jury because that was what had been selected the preceding day. That assertion completely ignores the very real possibility that a person unschooled in constitutional law might understand that a thing (such as picking a jury of a certain size) may be done as a matter of custom or practice without knowing that she had a *right to a jury of that size*. And, in fact, such a limited understanding would actually be a misunderstanding *reinforced* by the failure of the court or her attorney to point out that entitlement to her. Again, the record is devoid of any indication that she was so advised. The State has asked us to "presume" defendant's right to a 12-person jury completely out of existence, and the majority consents.

The majority also appears to take the position that defendant's challenge is suspect because she did not include a claim of ineffective assistance of counsel in her posttrial motion seeking a new trial. She

did, however, assert *in that motion* that her trial attorney's agreement to proceed to trial with 11 jurors was error. I am unaware of any requirement (nor has the majority cited any) that this claim of error must be accompanied by a claim of ineffective assistance in order to raise an appropriate and cognizable allegation of error or to merit full consideration of the issue on review.

For the reasons I have set out, I believe there was an ineffective waiver of defendant's constitutional and statutory right to trial by a jury of 12, that defendant must be presumed to have been prejudiced by the attempted waiver, and that the conviction should be reversed and the cause remanded for a new trial.