### COMMONWEALTH *vs.* RICHARD LAWLESS.

Suffolk.    November 29, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Jury and Jurors,* Panel of eleven.    *Superior Court.    Constitutional Law.*

If, after a trial in the Superior Court on appeal from a district court of a bastardy complaint under G. L. c. 273, § 11, has begun, one of the jurors is discovered to be disqualified and is excused, the court has jurisdiction, if the defendant agrees, to direct that the trial proceed with eleven jurors only.    Following *Commonwealth* v. *Dailey,* 12 Cush. 80, and distinguishing *Commonwealth* v. *Rowe,* 257 Mass. 172.

COMPLAINT, received and sworn to in the Municipal Court of the Roxbury District of the City of Boston on January 23, 1926, charging the defendant under G. L. c. 273, § 11, with getting a woman with child, not being her husband.

On appeal to the Superior Court, the case was tried before *Hayes,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285, when the proceedings took place which are described in

the opinion.   The defendant was found guilty and alleged exceptions.

*B. J. Killion*, for the defendant.

*H. W. Sullivan*, Assistant District Attorney, for the Commonwealth.

BRALEY, J.   The jury as originally empanelled consisted of twelve men.   But, after the trial began and some evidence had been introduced, one of the jurors informed the trial judge that he was disqualified and the judge with the consent of the parties excused him.   The defendant having agreed to proceed with eleven jurors, the trial was resumed, and resulted in the conviction of the defendant for committing the misdemeanor with which he was charged under G. L. c. 273, § 11.   The defendant at the close of the evidence moved "that the jury may be discharged and a mistrial declared on the ground and for the following reason, that as the jury as now constituted, of eleven men, is not a properly constituted panel and that the court is therefore without jurisdiction."   The motion was denied and the defendant excepted.

It is provided by G. L. c. 278, § 2, that "Issues of fact joined upon an indictment or complaint shall, in the Superior Court, be tried by a jury drawn and returned in the manner provided for the trial of issues of fact in civil causes."   And in *Commonwealth* v. *Kemp*, 254 Mass. 190, it was decided that in the trial of a misdemeanor a defendant may waive his constitutional right to a jury trial and be tried by a judge.   If a jury trial may be waived by a defendant charged with having committed a misdemeanor, we see no reason why the court with the defendant's consent could not proceed with eleven jurors.   See *Hellen* v. *Medford*, 188 Mass. 42, 46, 47.   It is argued that under G. L. c. 278, § 2, a trial by jury means a trial by a panel of twelve men, duly drawn and qualified to serve, and that any departure from this number is irregular, leaving the court without jurisdiction.   But it was decided in *Commonwealth* v. *Dailey*, 12 Cush. 80, where the defendant, indicted for a misdemeanor, consented to the withdrawal of one juror, that the trial court was not deprived of jurisdiction, and that he was precluded from

taking exceptions to the mode of procedure. The case at bar is governed by it. The following cases among others are in accord. *Darst* v. *People*, 51 Ill. 286. *State* v. *Kaufman*, 51 Iowa, 578. *State* v. *Woodling*, 53 Minn. 142. *Rindskopf* v. *State*, 34 Wis. 217. *State* v. *Alderton*, 50 W. Va. 101. *Schick* v. *United States*, 195 U. S. 65.

We find nothing in *Commonwealth* v. *Rowe*, 257 Mass. 172, upon which the defendant places much reliance, that is inconsistent with this result.

*Exceptions overruled.*