(No. 23385)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILLIP SCUDIERI *et al.* Plaintiffs in Error.

*Opinion filed February 19, 1936—Rehearing denied April 15, 1936.*

ANTHONY J. CALIENDO, and ROCCO DESTEFANO, for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

A writ of error to the criminal court of Cook county brings here for review a judgment of that court sentencing Phillip and Ted Scudieri to the penitentiary for robbery with a gun. They were indicted in October, 1934, for the robbery of Peter Tampoorlos of $322 on September 18, 1934. There were four defendants and all were found guilty by a jury composed of eleven men. Counsel for the People and counsel for each of the defendants expressly stipulated and consented that the cause be heard by eleven jurors in lieu of twelve, as there were only eleven men available on the panel.

The scope of this review is expressly limited to questions of law. Three alleged errors are advanced: first, that defendants were unlawfully tried by an illegally constituted jury of eleven men; second, that the respective verdicts of the jury as to Phillip and Ted Scudieri are contrary to law, and third, that the court erred in overruling their motions for a new trial and in arrest of judgment.

In aid of their first point, defendants cite *People* v. *Kelly*, 347 Ill. 221. Upon cursory inspection one might

be led to believe that this case has some bearing. Only two questions were there presented—the right of a trial judge to comment to the jury upon the evidence and his right to instruct the jury orally. In determining these questions, this court traced the common law history of the respective fields of operation of the judge and jury in the trial of a criminal case, and said the common law essentials of the right of trial by jury included the requirement that the jury be composed of twelve men. While we held that the legislature, on account of constitutional restrictions, was unable to pass any laws which would affect or infringe upon the substantive rights of citizens to a jury trial, yet we also recognized that it could pass laws which would affect jury trials as to procedure and practice without touching the substantive right. Sections 72, 73, 74 and 75 of the Practice act were therefore held to be constitutional, as not impairing any substantive right, since commentations upon the evidence by the trial judge and oral instructions to the jury were held not an integral part of the inherent right to a trial by jury. The dissenting opinion also recognized the historical fact that at common law a jury must be composed of twelve men, but asserted the right of a judge to comment and orally instruct to be an integral part of the right of trial by jury. It is therefore seen that the point involved in the present case was not even remotely involved in the *Kelly case.* No question arose there of the right of the defendant in a criminal case to expressly stipulate with the People that his case should be heard and determined by a jury composed of less than twelve men. Likewise in *People* v. *Scornavache,* 347 Ill. 403, cited by defendants, the specific question there raised and determined, *i. e.,* whether the People, as well as the defendant, must join to secure a jury waiver in a criminal case, is not involved in the case at bar.

Since *People* v. *Fisher,* 340 Ill. 250, the right of the defendant to waive a jury trial in a felony case has been

clearly established. Earlier cases of this court holding to the contrary were there expressly overruled. We there held that the right to a trial by jury in a criminal case cannot be withheld from a defendant without his consent—that his right thereto is absolute. We further held that in criminal trials a jury was not an essential or jurisdictional requisite and that in any case the defendant has the right to waive a trial by jury. The question of the right of a defendant to waive a jury of twelve men and consent to be tried by a jury of eleven men was not raised or involved, although the decision has a direct bearing upon the question before us.

The right of trial by jury given to a defendant in a criminal case is a right guaranteed by the constitution. This guaranteed right may be waived, (*People* v. *Fisher, supra,*) along with other rights protected by constitutional guarantees, *i. e.,* to appear and defend by counsel, to have a copy of the charge against him, to meet the witnesses for the People face to face, to compel the attendance of witnesses in his behalf by appropriate process, and to have a speedy trial. It must follow that if the laws of this State permit a defendant in a criminal case to stipulate a waiver of his right to be tried by an entire jury, he may also with equal effect waive one or more jurors, and enter into a stipulation with the People, whereby he and the People and the trial court agree and consent to the trial proceeding with a jury composed of less than twelve men. Under these circumstances the defendants cannot attack the jurisdiction of the trial court, as the point raised is procedural and not substantive, and could not have arisen without their own consent. (*Patton* v. *United States,* 281 U. S. 276; *Queenan* v. *Oklahoma,* 190 id. 548; *State* v. *Kaufman,* 51 Iowa 578, 2 N. W. 275; *Commonwealth* v. *Lawless,* 258 Mass. 262, 154 N. E. 753; *Commonwealth* v. *Egan,* 281 Pa. 251, 126 Atl. 488.) Therefore, no error was committed by the trial court in proceeding to the trial of the case with a jury composed of only eleven men.

The reason assigned for the contention that the verdicts were contrary to law is that Ted Scudieri was given a sentence under a count in the indictment based upon the Habitual Criminal act. He had previously been convicted of robbery with a gun. The Habitual Criminal act (Ill. State Bar Stat. 1935, chap. 38, par. 631; Smith's Stat. 1935, chap. 38, par. 602,) enumerates certain crimes, including robbery, and provides in substance that any person convicted more than once for any of such violations shall be deemed an habitual criminal. The statute does not mention a prior conviction of "robbery with a gun." The defendant, Ted Scudieri, contends that the word "robbery" cannot be broadened beyond its statutory definition to embrace "robbery with a gun." This is such a fine distinction that it transcends the bounds of reason. Robbery with a gun is a species of robbery—it is an aggravated form of robbery, or robbery at its worst. When the legislators used the word "robbery" they undoubtedly meant to use it in its ordinary sense, thereby including any kind of robbery committed a second time. The commission of one or more of the offenses mentioned in the Habitual Criminal act, followed by a subsequent conviction of robbery, aggravated or not, would subject the defendant to greater punishment under that act.

When the jury returned its verdict against the defendant, Ted Scudieri, they found that he had theretofore been convicted of robbery with a gun but did not specifically find that he had served a term in the penitentiary for that crime. It is contended that the sentence must appear in the verdict of the jury, and since it was omitted, the verdict was fatally defective. This contention is without force as the statute does not require the jury to find by its verdict that imprisonment followed the prior convictions. As no specific finding is required that a defendant found guilty under the act served time in the penitentiary under a prior conviction or convictions, the verdict of the jury respecting

the defendant, Ted Scudieri, was in full accord with the law. A defendant may be convicted of a crime and not serve a sentence in the penitentiary. This would follow, for instance, in cases where a defendant is sent to the reformatory as a minor, or where he is given probation. The cases cited by defendants are inapplicable to the point.

In view of our opinion on the first and second errors assigned, it will not be necessary to consider the third point relating to motions for a new trial and in arrest of judgment, as the same reasons would apply. The trial court properly denied both of these motions.

The judgment is affirmed.

*Judgment affirmed.*