THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
VIRGIL L. BURRIES, Defendant-Appellant.

Fourth District   No. 4—85—0844

Opinion filed June 3, 1986.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Ronald G. Matekaitis, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On October 21, 1985, after a jury trial, defendant, Virgil L. Burries, was convicted in the circuit court of Macon County of a burglary committed on the night between September 2 and September 3, 1985. He was subsequently sentenced to six years' imprisonment in the Department of Corrections. On appeal, his sole contention is that the trial court erred when, at his request, it permitted the trial to continue with 11 jurors over the objection of his attorney. We affirm.

Midway through the State's presentation of its evidence, one of the impaneled jurors asked to speak in chambers. The court granted her request, and she explained that she had recently engaged in a

discussion which might impair her ability to be fair and impartial. The defense counsel moved to have the juror withdrawn, and the court allowed the motion. Defense counsel then indicated that, although his client might not agree, he was unwilling to stipulate to proceeding with 11 jurors and requested a mistrial. The court then addressed the defendant and asked what he wished to do. The defendant answered as follows:

"I would like to go on with eleven, and I'd like to take, you know, my chances with eleven people because there is still eleven people to decide the last verdict. It may be less than twelve, but I still want to take my chances with eleven people. I still want to have my case today. I want to have it tried and guilty or not guilty, whichever the case may be. I want it done with and tried today. That's what I want. That's what I would like to have done."

The court then denied the motion for a mistrial and ordered that the case proceed.

Under the provisions of article I, section 13, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, sec. 13), and section 115—4(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 115—4(b)), defendant had a constitutional and statutory right to a trial by a jury of 12 persons. However, defendant recognizes that in *People v. Scudieri* (1936), 363 Ill. 84, 1 N.E.2d 225, the supreme court held that a defendant can waive those rights and agree to a trial by less than 12 jurors. On the other hand, the defense notes that in *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457, the supreme court held that a defendant's right to a jury trial was violated when, over defendant's objection, defendant was required to be tried by an 11-person jury. Here, the heart of defendant's theory is that he was forced to proceed with less than 12 jurors over defense objection because his lawyer, rather than he, was vested with the responsibility of deciding how to proceed and was, thus, the sole person having power to waive the existence of a full jury.

Defendant cites the prestigious standards adopted by the American Bar Association which indicate that the three trial decisions which a defendant in a criminal case is competent to make are (1) the plea to be entered; (2) whether to waive a jury; and (3) whether to testify. (A.B.A. Standards for Criminal Justice, The Defense Function sec. 4—5.2 (1986 Supp.).) He maintains that the decision as to whether to waive a jury is vastly different than whether to proceed with less than 12 jurors and is one which the defendant is not com-

petent to make and one which he should not be permitted to make. Defendant cites the oft repeated maxim that "[o]ne of the surest ways for counsel to lose a lawsuit is to permit his client to run the trial" (*e.g., Nelson v. People of the State of California* (9th Cir. 1965), 346 F.2d 73, 81).

Contrary to defendant's contention on appeal, courts have treated the decision to proceed with less than 12 jurors to be closely related to the decision to waive trial by jury. The United States Supreme Court has stated that it "must treat both forms of waiver [as to jury trial and as to proceeding with less than 12 jurors] as in substance amounting to the same thing." (*Patton v. United States* (1930), 281 U.S. 276, 290, 74 L. Ed. 854, 859, 50 S. Ct. 253, 255.) In *Scudieri*, the court stated that, if a defendant can waive entirely his right to a jury trial, "he may also with equal effect waive one or more jurors" (*People v. Scudieri* (1936), 363 Ill. 84, 87, 1 N.E.2d 225, 227). In *People v. Mayden* (1979), 71 Ill. App. 3d 442, 389 N.E.2d 901, this court indicated that a waiver of error in proceeding with less than 12 jurors may arise more informally than a waiver of trial by jury because no Federal constitutional right is involved.

We conclude that waiver of the right to having a full complement of jurors is closely related to waiving a trial by jury but a less serious matter. If a defendant has authority to waiver jury trial altogether against advice of counsel, logic requires that he have authority to waive the existence of a full 12-person jury under similar circumstances. Regardless of the wisdom of the defendant here in flouting the advice of able and experienced counsel, the record fully indicates a considered decision on his part to proceed with 11 jurors. The trial court acted properly in doing so.

Accordingly, we affirm.

Affirmed.

WEBBER and SPITZ, JJ., concur.