SECOND DIVISION
August 5, 2008

No. 1-07-2042

| | | |
|---|---|---|
| *In re* J.H., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Cook County |
| | ) | |
| Petitioner-Appellee, | ) | |
| v. | ) | |
| | ) | |
| Ruth H., | ) | |
| Respondent, | ) | Honorable |
| | ) | Rena Marie Van Tine, |
| (Alma Learetta Tyson, Counsel for | ) | Judge Presiding. |
| Mother-Respondent, | ) | |
| | ) | |
| Appellant)). | ) | |

JUSTICE SOUTH delivered the opinion of the court:

Alma Learetta Tyson was appointed to represent an indigent mother in wardship proceedings and filed a petition for payment of her fees. Because it was filed after a deadline, which was established by a general order issued by the presiding judge of the child protection division of the circuit court of Cook County, that petition was denied, and Tyson is now appealing that decision. We reverse and remand.

The facts relevant to this appeal are undisputed. In July 1996, Alma Learetta Tyson was appointed counsel for the indigent mother of the subject of a petition for an adjudication of wardship. Tyson represented the mother in that proceeding and in proceedings involving the mother's three other children. Tyson's initial petition for $1,502 in fees was approved by the trial court in 2000.

In May 2005, the presiding judge of the child protection division of the circuit court of Cook County issued General Order 05-29, which provided:

"1. Effective April 3, 2006 all attorney fee petitions for court appointed attorneys must be filed by the *earlier* of : A) 30 days after entry of a final order closing the case, or B) six (6) months after the attorney performed the service or incurred the cost.

2. Attorneys who have cases with outstanding current obligations greater than six (6) months old must file, and motion for hearing, attorney fee petitions for those obligations by April 3, 2006."

In May 2007, the presiding judge issued a "Memorandum" to "All Child Protection Division Judges and Conflict Bar Attorneys" which purported to clarify various issues regarding fee petitions. One item included in the memorandum referred to the timing of fee requests. It stated that "[f]ee petitions must be presented in a timely manner pursuant to General Order 05-29." The memorandum's introduction explicitly stated that "these guidelines are intended to provide general guidance only. The trial judge decides appropriate reasonable fees in a given case."

In June 2007, Tyson submitted a second fee petition, seeking payment of $1,343 for services performed in the years 2000-03, 2005 and 2007. The State objected to the petition as untimely, citing General Order 05-29. The trial court's denial of the petition focused solely on

its timing: "In that fee petitions here in Juvenile Court and all the bar attorneys I understand have been apprised of this need to file thirty days after case closure or within six months after the delivery of the service. At this point I find that the fee petition is not timely filed in that the fees Counsel is seeking [are] from 2001, 2003, and 2005."

Tyson advised the court that she had not been aware of the order imposing time deadlines on fee petitions and noted that her petition was filed within 30 days of the closing of the case. The trial court concluded: "At this point I find the fee petition has not been filed in a timely manner and it is denied at this time. This is a final and appealable order." Tyson then brought the instant appeal.

Supreme Court Rule 299(a) provides that attorneys appointed to represent indigent parties "shall be entitled to receive a reasonable fee for their services." 210 Ill. 2d R. 299(a). The rule further provides that in determining a reasonable fee, the appointing court "should consider (1) the time spent and the services rendered; (2) the attorney's skill and experience; (3) the complexity of the case; (4) the overhead costs and the burden on the attorney's practice; (5) the rate of compensation for comparable services in the locality; (6) the reduction of the comparable fee by a *pro bono* factor; (7) the number of appointments given to the attorney; and (8) the availability of public funds." 210 Ill. 2d R. 299(a). The rule also dictates that "No single factor is determinative in establishing a reasonable fee." 210 Ill. 2d R. 299(a).

Although a circuit court may establish local administrative rules, those rules may not conflict with substantive law, including statutes and our supreme court's rules. Vision Point of Sale, Inc. v. Haas, 226 Ill. 2d 334, 357 (2007). In this appeal, Tyson contends that General

Order 05-29 conflicts with substantive law and must be invalidated because it denies payment of her legitimately earned fees. Had the order required the dismissal of Tyson's fee petition, the instant appeal would directly raise the issue of the potential conflict between Rule 299 and a local rule completely denying untimely petitions.

However, Tyson and the State agree that General Order 05-29 did not mandate the denial of a fee petition for noncompliance with its deadlines. The order imposed no specific penalty for noncompliance, and the presiding judge's clarifying memorandum explained that trial judges remained free to determine appropriate fees in each individual case. The trial court was permitted to impose an appropriate sanction for noncompliance with the order (Valio v. Board of Fire & Police Commissioners, 311 Ill. App. 3d 321, 328 (2000)), but the order nonetheless allowed the court to determine and award reasonable compensation for Tyson's services. We, therefore, conclude that the order, on its face, does not substantively deny attorney fees that are due under Illinois law and is not invalid on that basis.

The trial court apparently adopted a different view of the order, however. As previously noted, the court's explanation of its ruling addressed only the petition's failure to meet the order's deadlines. The court did not refer to any of the compensation factors identified by Rule 299, and in denying the petition as untimely, the court ignored the rule's admonition that no single factor is to be considered determinative in establishing the attorney's fee. The court's ruling demonstrates that it perceived its fee-setting discretion to be precluded by General Order 05-29. When the record shows that the trial court did not exercise discretion because of an erroneous belief that its discretion was foreclosed, we reverse and remand for further consideration of the

4

issue.  <u>Moffitt v. Illinois Power Co.</u>, 248 Ill. App. 3d 752, 762 (1993).

Accordingly, we reverse the judgment of the circuit court of Cook County and remand the cause to that court for further proceedings consistent with this opinion.

Reversed and remanded.

HALL and KARNEZIS, JJ., concur.