No. 3--07--0571

Filed October 23, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

FIRST NATIONAL BANK OF OTTAWA, ) Appeal from the Circuit Court
a National Banking Corporation, ) of the 12th Judicial Circuit,
                                ) Will County, Illinois,
          Plaintiff-Appellant, )
                                )
     v.                         )
                                ) No. 03--AR--1718
ROSEMARY DILLINGER, CLIFFORD    )
MOUNTS, and RUB CHEVROLET BUICK )
OLDSMOBILE, INC., an Illinois   )
Corporation,                    ) Honorable
                                ) James E. Garrison,
          Defendants-Appellees. ) Judge, Presiding.

JUSTICE SCHMIDT delivered the opinion of the court:

The plaintiff, First National Bank of Ottawa, sued the defendants, Rosemary Dillinger, Clifford Mounts, and Rub Chevrolet Buick Oldsmobile, Inc. (Rub Chevrolet), in connection with the sale of a vehicle. The circuit court entered judgment against Dillinger and Mounts for breach of contract, and against Rub Chevrolet on two counts of fraudulent misrepresentation. The court also found Rub Chevrolet not liable to the plaintiff on two counts of breach of contract. On appeal, the plaintiff argues that the circuit court erred when it found that Rub Chevrolet was

not liable to the plaintiff on two counts of breach of contract. We reverse in part and remand with directions.

FACTS

The undisputed evidence presented at trial established the following facts. In 2002, Mounts and Dillinger contracted to purchase a pickup truck from Rub Chevrolet. Mounts told a Rub Chevrolet employee that he made $9 per hour at his job. The employee was also informed that Dillinger's income consisted of approximately $1,200 per month from Social Security disability benefits. Nevertheless, the employee had Mounts and Dillinger sign a blank credit application and falsified the application by misrepresenting the annual incomes of Mounts and Dillinger as $21,600 and $30,000, respectively. The falsified credit application was faxed to the plaintiff. Believing that the credit application was truthful, the plaintiff agreed to purchase the financing contract. In 2003, Mounts and Dillinger defaulted on their monthly payments, and the truck was repossessed.

In 2004, the plaintiff filed a five-count complaint against the defendants. Count I alleged that Mounts and Dillinger breached their contract with the plaintiff. Counts II and III alleged that Rub Chevrolet fraudulently misrepresented the incomes of Mounts and Dillinger.

Counts IV and V, which are the subject of this appeal, alleged that Rub Chevrolet breached its contract with the

2

plaintiff.  The contract between the plaintiff and Rub Chevrolet contained a warranty that the sale of the vehicle "was completed in accordance with all applicable federal and state laws and regulations."  Counts IV and V alleged that the sale of the vehicle violated section 17--24 of the Criminal Code of 1961 (Code) (720 ILCS 5/17--24 (West 2002)), which provides, <u>inter alia</u>, that one commits wire fraud when one "devises or intends to devise a scheme or artifice to defraud or to obtain money or property by means of false pretenses, representations, or promises," and transmits a document in furtherance of the scheme. The plaintiff alleged that Rub Chevrolet participated in a scheme to defraud the plaintiff of money based on its misrepresentations of the incomes of Mounts and Dillinger.

After a bench trial, the circuit court found that Mounts and Dillinger breached their contract with the plaintiff.  In finding Rub Chevrolet liable on two counts of fraudulent misrepresentation, the court found that the Rub Chevrolet employee had Mounts and Dillinger sign a blank credit application, then falsified the incomes of Mounts and Dillinger to induce the plaintiff to purchase the financing contract. However, the court found that Rub Chevrolet did not partake in a "scheme or artifice to defraud" the plaintiff as defined in section 17--24 of the Code (720 ILCS 5/17--24 (West 2002)) and, therefore, did not breach its contract with the plaintiff.  The

3

plaintiff appealed from the judgment entered in favor of Rub Chevrolet on counts IV and V.

## ANALYSIS

On appeal, the plaintiff argues that the circuit court erred when it found that defendant Rub Chevrolet was not liable to the plaintiff on two counts of breach of contract.  Specifically, the plaintiff contends that the circuit court erred when it found that defendant Rub Chevrolet did not partake in a scheme to defraud the plaintiff as defined in section 17--24 of the Code (720 ILCS 5/17--24 (West 2002)).

Because this case involves the interpretation of a statute and the application of the statute to undisputed facts, we review the circuit court's judgment under the de novo standard. Household Bank, FSB v. Lewis, 229 Ill. 2d 173, 890 N.E.2d 934 (2008).

Initially, we note that the defendants have not filed an appellee's brief with this court.  Generally, we will not act as an advocate for an appellee who fails to file a brief.  See First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 345 N.E.2d 493 (1976).  However, when a record is simple and the claimed error can easily be decided without the aid of an appellee's brief, as is the case here, we should decide the appeal's merits.  First Capitol Mortgage Corp., 63 Ill. 2d 128, 345 N.E.2d 493.

4

Section 17--24(a)(1) of the Code (720 ILCS 5/17--24(a)(1) (West 2002)) provides that one commits wire fraud when one:

"(A) devises or intends to devise a scheme or artifice to defraud or to obtain money or property by means of false pretenses, representations, or promises; and

(B)(i) transmits or causes to be transmitted from within this State ***

* * *

any writings, signals, pictures, sounds, or electronic or electric impulses by means of wire, radio, or television communications for the purpose of executing the scheme or artifice."

We note that the statutes do not specifically define "scheme."

"In the absence of a statutory definition, words are to be given their ordinary and commonly understood meaning." Provena Health v. Illinois Health Facilities Planning Board, 382 Ill. App. 3d 34, 44-45, 886 N.E.2d 1054, 1064 (2008). Black's Law Dictionary defines "scheme" as "[a]n artful plot or plan, usu. to deceive others." Black's Law Dictionary 1346 (7th ed. 1999). The Random House Dictionary of the English Language defines "scheme" as "an underhand plot; intrigue." The Random House Dictionary of the English Language 1713 (2d ed. 1987).

In this case, the undisputed evidence presented at trial established that a Rub Chevrolet employee falsified a credit

application by having Mounts and Dillinger sign a blank credit application and then misrepresenting the incomes of both Mounts and Dillinger on the application.  The falsified application was faxed to the plaintiff with the intent to deceive the plaintiff and to induce the plaintiff to purchase the financing contract. No argument has been made that the employee was acting outside the scope of his employment or that defendant Rub is otherwise not liable for his conduct.  We believe Rub Chevrolet's plan constituted a "scheme" to defraud the plaintiff through false representations under section 17--24(a)(1) of the Code (720 ILCS 5/17--24(a)(1) (West 2002)).  Under these circumstances, we hold that the circuit court erred as a matter of law when it found that Rub Chevrolet's actions did not constitute a "scheme" under section 17--24 of the Code (720 ILCS 5/17--24 (West 2002)). Because Rub Chevrolet violated section 17--24, it breached the contractual warranty given to the plaintiff that the sale of the vehicle "was completed in accordance with all applicable federal and state laws and regulations."  Accordingly, the court erred when it found that Rub Chevrolet did not breach its contract with the plaintiff.

The judgment of the circuit court of Will County is reversed in part, and the cause is remanded with directions to enter judgment in favor of the plaintiff on counts IV and V.  In all other respects, we affirm the circuit court's judgment.

6

Affirmed in part and reversed in part; cause remanded with directions.

LYTTON and WRIGHT, JJ., concur.