(No. 107555.—)

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* JOSEPH E. BIRKETT, State's Attorney of Du Page County, Petitioner, v. HON. PETER J. DOCKERY, Judge of the 18th Judicial Circuit, *et al.*, Respondents.

*Opinion filed October 8, 2009.*

74

Joseph E. Birkett, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, of Wheaton, and Patrick Delfino, Lawrence M. Bauer and Cynthia N. Schneider, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the petitioner.

Michael J. Pelletier, State Appellate Defender, Thomas A. Lilien, Deputy Defender, and Josette Skelnik, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Elgin, for respondents.

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Thomas, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Pursuant to Supreme Court Rule 381(a) (188 Ill. 2d R. 381(a)), the State's Attorney of Du Page County successfully moved for leave to file a complaint seeking a writ of *mandamus* in this court. The State seeks to compel respondent, Honorable Peter J. Dockery, judge of the circuit court of Du Page County (the court), to vacate his order granting defendant William Krolik's motion for trial before a jury of six members and to try this case before a jury of 12. For the reasons that follow, we deny the writ of *mandamus*.

## BACKGROUND

Defendant was charged by indictment with one count of attempted home invasion (720 ILCS 5/8—4(a), 12—11 (West 2008)) and two counts of attempted armed robbery (720 ILCS 5/8—4(a), 18—2 (West 2008)). Prior to trial, defendant requested, over the State's objection, that the court empanel a jury of six members.

At the hearing on defendant's motion, the State argued defendant had no right to request a jury panel of fewer than 12, directing attention to section 115—4(b) of the Code of Criminal Procedure of 1963, which provides that a jury in criminal trials "shall" consist of 12 members (725 ILCS 5/115—4(b) (West 2008)). According

to the State, a circuit court may grant a request to empanel a jury of fewer than 12 only where the State agrees to proceed with a lesser number.

Defendant maintained that the legislature provided that a jury "shall" consist of 12 members simply to guarantee that number of jurors if the defendant elects a jury trial. In defendant's view, nothing in the statute forecloses a defendant from requesting a lesser number. Defendant pointed to the committee comments to section 115—4(b), which provide that a defendant "may waive any part of such right and agree to a trial by a jury of less than 12 members." The defendant therefore argued that as long as *he* agreed to a trial by a panel of fewer than 12, the State's agreement was unnecessary.

The court ruled that it had discretion to permit defendant to proceed with a six-person jury, and that the consent of the State was not required. The State then instituted this action. See 188 Ill. 2d R. 381(a); Ill. Const. 1970, art. VI, §4(a).

## ANALYSIS

*Mandamus* "is 'an extraordinary remedy appropriate to enforce as a matter of public right the performance of official duties by a public officer where no exercise of discretion on his part is involved.' " *People ex rel. Birkett v. Jorgensen*, 216 Ill. 2d 358, 362 (2005), quoting *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986). Accordingly, *"[m]andamus* will lie only when the movant shows a ' "clear, affirmative *** duty of the [public official] to act, and clear authority in the [public official] to comply with the writ," ' not when the act in question concerns an exercise of an official's discretion. [Citation.]" *People ex rel. Devine v. Sharkey*, 221 Ill. 2d 613, 616-17 (2006). *Mandamus* is employed to compel a public official to perform a ministerial duty (*People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 464 (2004)), and the exercise of judicial discretion is not subject to *mandamus* review

(*International Harvester Co. v. Goldenhersh*, 86 Ill. 2d 366, 369 (1981)).

In order to determine whether the State's request for a writ of *mandamus* will lie, we must examine whether a circuit court's empaneling of a 12-member jury is a purely ministerial action, or whether the court has discretion to consider a defendant's motion to empanel a jury of fewer than 12. To this end, we review a defendant's right to trial by jury.

The right to a jury trial in criminal cases is guaranteed by both the federal and the state constitutions. The sixth amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const., amend. VI. Two provisions of our state constitution also guarantee this right. The right is generally guaranteed to all citizens by article I, section 13, of the Illinois Constitution of 1970, which provides that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const. 1970, art. I, §13. In addition, article I, section 8, of the Illinois Constitution of 1970 specifically provides that "[i]n criminal prosecutions, the accused shall have the right *** to have a speedy public trial by an impartial jury." In *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209 (1988), we held that there is a difference in the substance of the right to jury trial afforded under the state and federal provisions (*Joyce*, 126 Ill. 2d at 214) and that our state protections are broader (*Joyce* 126 Ill. 2d at 222).

The constitutional right to a jury trial is codified in section 115—1 of the Code of Criminal Procedure (725 ILCS 5/115—1 (West 2008)), which provides that "[a]ll prosecutions except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury unless the defendant waives a jury trial in writing." Where a defendant elects a trial by jury, the legislature has

provided in section 115—4(b) of the Code that "[t]he jury shall consist of 12 members." 725 ILCS 5/115—4(b) (West 2008). The committee comments to section 115—4(b) explain:

> "There are scholars who feel that the idea of a jury having twelve members can be traced back as far as the early tenth century. [Citation.] The Committee saw no reason to change this ancient practice. Since the defendant may waive his constitutional right to a jury trial he may waive any part of such right and agree to a trial by a jury of less than twelve members (People v. Scudieri, 363 Ill. 84, 1 N.E.2d 225 (1936)). There is no intent to lessen or abrogate that right in subsection (b)." 725 ILCS Ann. 5/115—4, Committee Comments—1963, at 23 (Smith-Hurd 2008).

It is undisputed that because a defendant can waive his entire right to a trial by jury (see *People ex rel. Swanson v. Fisher*, 340 Ill. 250, 258-65 (1930)), he can also waive his constitutional right to a jury panel composed of 12 members. *People v. Scudieri*, 363 Ill. 84, 87 (1936) (no error in proceeding to trial with a jury of 11 after defendant agreed to the lesser number); see also *People v. Pierce*, 369 Ill. 172 (1938) (same). Indeed, our courts have consistently held that a criminal defendant may waive participation of the full number of jurors and proceed with fewer than 12. See, *e.g.*, *People v. LaFond*, 343 Ill. App. 3d 981, 985 (2003) (where after the jury has retired to deliberate and one juror becomes unable to serve, defendant may agree to proceed to verdict with fewer than 12); *People v. Matthews*, 304 Ill. App. 3d 415, 419-20 (1999) (defendant may waive the right to a jury of 12 and proceed with a lesser number, as long as the waiver is affirmatively shown on the record); *People v. Ernst*, 219 Ill. App. 3d 51, 54 (1991) (collecting cases holding that a defendant may waive his right to a jury of 12 and proceed with a lesser number).

The dispute here rests on the narrow issue of whether the State has what amounts to a veto power over a defendant's request to proceed to trial with a jury

composed of fewer than 12 members. The parties disagree over (i) the meaning of section 115—4(b) of the Code, which provides that a jury "shall" consist of 12 members, and (ii) whether the court has discretion under it to seat fewer than 12 jurors where the State objects to a defense request to seat a fewer number.

As in all cases of statutory construction, our goal is to ascertain and give effect to the intent of the legislature, and the language of the statute is the best indication of that intent. *Maddux v. Blagojevich*, 233 Ill. 2d 508, 513 (2009). Where the statutory language is clear and unambiguous, we must give it effect without resort to other tools of interpretation. *County of Knox ex rel. Masterson v. The Highlands, L.L.C.*, 188 Ill. 2d 546, 556 (1999). We may also consider the purpose behind the enactment and the evils sought to be remedied, as well as the consequences from construing the statute in one manner over the other. *County of DuPage v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 604 (2008). Construing a statute is a question of law, and our review is *de novo*. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205 (1998).

We initially reject the State's request that the language of section 115—4(b) be given the same construction as Rule 23(b) of the Federal Rules of Criminal Procedure. The State notes that the language of the federal rule is consistent with that of our statute, and points out that under Rule 23 both parties must stipulate to proceeding with a jury of fewer than 12. See *United States v. Murphy*, 483 F.3d 639 (9th Cir. 2007) (at any time prior to verdict, that prosecution and the defendant may, with approval of the court, agree that the jury may consist of fewer than 12 persons). Federal Rule of Criminal Procedure 23 generally provides that "[a] jury consists of 12 persons unless this rule provides otherwise." Fed. R. Crim. P. 23(b)(1). One exception occurs

when, "[a]t any time before the verdict, the parties *** with the court's approval, stipulate in writing" that the jury may consist of fewer than 12 members. Fed. R. Crim. P. 23(b)(2)(A).

As stated, we held in *Joyce*, however, that there is a fundamental difference between the federal constitutional right to a trial by jury and that same right under the Illinois constitution. We observed that although the language in the two provisions is similar, it was clear that under federal constitutional law "to require consent by the government to a jury waiver is permissible." *Joyce*, 126 Ill. 2d at 213. Such a requirement stands in contrast with the rule under our Illinois constitution, where trial by jury "is a right guaranteed to the people, and not to the State." *Joyce*, 126 Ill. 2d at 214. Due to the fundamental differences in the right to a jury trial under the federal and state constitutions, the State's argument that we should construe the references to a 12-person jury contained within Federal Rule of Criminal Procedure 23 and section 115—4(b) of the Code in a similar manner is not well-founded.

The State's additional arguments fare no better. The State asserts that because section 115—4(b) provides that a jury "shall" have 12 members, the General Assembly has thereby mandated that a jury cannot consist of fewer than 12 persons. The State contends, therefore, that the circuit court lacked discretion to consider defendant's request to empanel a jury of fewer than 12 members without the agreement of the State. In support, the State cites *People v. Scudieri*, 363 Ill. 84 (1936), which it interprets to hold that the consent of the State is required before a panel of fewer than 12 can be seated.

In response, defendant clarifies that he is not asserting an absolute right to proceed with fewer than 12 jurors. Rather, he contends that he *may request* a panel of fewer than 12 and that the grant of that request lies

within the sound discretion of the circuit court. Defendant argues that section 115—4(b) is meant to protect a defendant by guaranteeing a panel of 12 jurors if a defendant elects a jury trial. He maintains that this position is supported by the statute's committee comments, which allow a defendant to "waive any part" of the right to a jury trial and "agree to a trial by a jury of less than 12 members." Defendant further maintains that *Scudieri* does not lead to a different result. Defendant concludes that neither the statute nor case law supports the State's position that it wields absolute veto power over a defendant's request to proceed with fewer than 12 jurors. We agree with defendant.

The State's construction of section 115—4(b) is problematic in several respects. First, it requires this court to construe the word "shall" as a mandatory directive to the circuit court which removes all discretion from the court, while at the same time allowing for an exception only if the State agrees to a defendant's request. The language of section 115—4(b) does not support such an interpretation. Where the language of a statute is truly mandatory, it admits of no exceptions. See *People v. Arna*, 168 Ill. 2d 107 (1995) (where statutory language is mandatory, the court is bound to follow its dictates); see also *People v. Gregory*, 379 Ill. App. 3d 414, 422 (2008) (a trial court has no authority to accept an agreement that is not authorized by statute); *People v. Hare*, 315 Ill. App. 3d 606, 609 (2000) (parties could not bind the court to impose a sentence unauthorized by law).

Further, the State can point to no place in section 115—4(b) where such an exception exists. Rather, the State reads into the statute an exception which it does not contain. It is a cardinal rule of statutory construction that we cannot rewrite a statute, and depart from its plain language, by reading into it exceptions, limitations or conditions not expressed by the legislature. *In re Michelle J.*, 209 Ill. 2d 428, 437 (2004).

In addition, the State's interpretation of section 115—4(b) is further undermined not only by the very case law it cites in its brief to this court, which upheld convictions by juries of fewer than 12 (see, *e.g.*, *Scudieri*, 363 Ill. at 87), but also by the committee comments to this statutory provision (725 ILCS Ann. 5/115—4, Committee Comments—1963, at 22 (Smith-Hurd 2008) ("Since the defendant may waive his constitutional right to a jury trial he may waive any part of such right and agree to a trial by a jury of less than twelve members"), citing *Scudieri*, 363 Ill. 84).

Despite the plain language of the statute, the State insists that its construction is supported by this court's decision in *Scudieri*. The State's reliance upon this decision is misplaced. In *Scudieri*, the defendants were found guilty by a jury of 11, after the State and the defendants "expressly stipulated and consented that the cause be heard by eleven jurors in lieu of twelve, as there were only eleven men available on the panel." *Scudieri*, 363 Ill. at 85. We held that, under the specific circumstances where the defendants "enter[ed] into a stipulation with the People, whereby [they] and the People and the trial court agree and consent to the trial proceeding with a jury composed of less than twelve men," the defendants had no basis to claim error, as the situation "could not have arisen without their own consent." *Scudieri*, 363 Ill. at 87.

*Scudieri* stands for the proposition that a defendant may waive the right to a 12-person jury, and that where the defendants had agreed to proceed with less than 12 members they could not thereafter complain of that decision following their convictions. *Scudieri*, 363 Ill. at 87. The State, however, focuses on the opinion's statement that the defendants and the State "agree[d]" and "consent[ed]" to proceed with a jury of fewer than 12. The State argues that such agreement is a prerequisite

to empaneling a smaller jury. However, this court did not address in *Scudieri* the question of whether the defendants could have proceeded with fewer than 12 only upon the State's agreement. The language in *Scudieri* relied upon by the State was merely descriptive of what occurred in that case and was not the holding of the case.

Our difficulty in accepting the argument advanced by the State is that the State has cherry-picked a statement from *Scudieri* that reflects a procedure no longer valid under Illinois law. At the time *Scudieri* was decided, this court had previously recognized that *both the defendant and the State* enjoyed the right to a jury trial, and if the State did not agree to a defendant's jury waiver, the circuit court was mandated to empanel a jury. *People v. Scornavache*, 347 Ill. 403, 415 (1931) (holding that although there was "nothing in the [Illinois] constitution conferring the right of jury trial on the State," the "maintenance of a jury as a fact-finding body occupies that place in government \*\*\* which \*\*\* requires that such trial be not set aside merely on the choice of the accused").

*Scornavache* was overruled in *People v. Spegal*, 5 Ill. 2d 211 (1955). There, this court held that the State had *no power to veto* a defendant's choice to waive a jury trial. *Spegal* rejected the analysis in *Scornavache,* and quoted extensively from Justice DeYoung's dissent in that case to underscore that a defendant's right to insist on or waive a jury trial was his right alone:

" 'To declare \*\*\* that the prosecution's consent is necessary to make such a waiver effective is inconsistent with the defendant's acknowledged power, enables the State to nullify his act and reduces his power to waive a jury trial to a shadow.' " *Spegal*, 5 Ill. 2d at 218, quoting *Scornavache*, 347 Ill. at 419 (DeYoung, J., dissenting, joined by Dunn and Duncan, JJ.).

*Spegal* was reaffirmed in *Joyce*. In *Joyce*, this court invalidated an amendment to section 115—1 of the Code

of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 115—1) which required that the State consent to a defendant's jury waiver in felony drug cases. Citing *Spegal*, we held that the amended statute violated a defendant's right to trial by jury, a right which included his right to waive a jury. *Joyce*, 126 Ill. 2d at 222. We noted that the State had advanced arguments previously rejected in *Spegal* (*Joyce*, 126 Ill. 2d at 222), and reaffirmed that the right to trial by jury is that of a defendant alone, and, if a defendant wishes to waive a jury, one cannot be forced upon him by the State. *Joyce*, 126 Ill. 2d at 222.

Despite defendant's citation to this series of decisions, the State has made no attempt in its reply brief to address these cases, other than to note that they "did not involve the question of the existence of an agreement." The State again points to *Scudieri*, insisting that it establishes a "rule" which allows a reduced jury only by "agreement." As explained, the case law supporting that statement in *Scudieri* was overruled by this court over 50 years ago in *Spegal*, a holding more recently reaffirmed in *Joyce*. We find the reasoning in *Spegal* and *Joyce* instructive in this case. In both rulings, this court rejected arguments that the State could prevent a defendant from waiving his right to a jury trial. These arguments closely resemble those advanced by the State here that it can similarly prevent a defendant from requesting that the circuit court consider empaneling a jury of fewer than 12 members.

We conclude that the State has failed to meet its burden of proof to show clear entitlement to the extraordinary remedy of *mandamus*. The State's statutory construction is unpersuasive. The State has not established that the seating of a 12-person jury is simply a ministerial action allowing it absolute veto power to foreclose a defendant from requesting, and the circuit

court from considering, the empaneling of a jury of a lesser number.

## CONCLUSION

For the reasons stated, we conclude that the State has not shown clear entitlement to the relief it seeks and that its request for a writ of *mandamus* must be denied.

*Writ denied.*