2016 IL App (3d) 150312

Opinion filed May 27, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| DIANE P., on Behalf of K.P., a Minor, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Petitioner-Appellee, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-15-0312 |
| | ) | Circuit No. 15-OP-113 |
| M.R., | ) | |
| | ) | Honorable Jodi M. Hoos, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1       Respondent, M.R., appeals from the trial court's entry of an order of protection against

him pursuant to the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/101 *et seq.*

(West 2014)).  On appeal, respondent argues: (1) the trial court erroneously found that the

petitioner's 18-year-old daughter was unable to prosecute the petition against him due to her

"age, health, disability or inaccessibility"; (2) the court's order is based on unsubstantiated

findings of abuse; and (3) the court's order is unconstitutional because it imposes unintelligible

restraints on his right to engage in protected first amendment activity.  For the following reasons,

we vacate the court's order of protection.

¶ 2                                                    BACKGROUND

¶ 3          On January 30, 2015, Diane filed a petition for an order of protection against respondent

on behalf of her 17-year-old daughter, K.P.  That same day, the trial court entered an *ex parte*

emergency order of protection and set a hearing date for a plenary order of protection.  In

February 2015, K.P. turned 18 years old.  On April 8, 2015, the trial court held a hearing on

Diane's petition for a plenary order of protection.  K.P. did not attend the hearing.

¶ 4          During Diane's testimony, respondent's counsel objected on the basis of hearsay,

claiming all of Diane's allegations involved alleged abuse of K.P., who was 18 years old and

able to testify on her own behalf.  The trial court overruled respondent's blanket objection, but

asked Diane if she planned to call K.P. as a witness.  Diane stated she did not, as K.P. was fearful

and did not want to be there.  The court explained it would not preclude Diane's filing, since at

the time Diane filed the petition, K.P. was a minor.  However, because K.P. was now 18 years

old, the court would have considered her a competent witness.

¶ 5          Based solely on Diane's testimony and a letter respondent had written to K.P.

apologizing for his behavior, the trial court issued a plenary order of protection against

respondent effective until December 31, 2015.  The court's order lists "Diane [P.] filing on

behalf of [K.P.]" as petitioner, and finds that "[t]he abused person(s) is/are unable to bring this

Petition on his/her own behalf due to age, health, disability, or inaccessibility[.]"

¶ 6          Respondent appeals.

¶ 7                                                     ANALYSIS

¶ 8                                             I. Lack of Appellee Brief

¶ 9          Initially, we note that Diane, as appellee, has not filed a brief in this appeal.  A reviewing

court generally will not act as an advocate for an appellee who fails to file a brief.  *First National*

*Bank of Ottawa v. Dillinger*, 386 Ill. App. 3d 393, 395 (2008).  However, where the record is simple and the claimed error can easily be decided without the aid of an appellee brief, an appellate court should decide the appeal on the merits.  *Id.*; see also *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).  According, we will proceed.

¶ 10                                    II. Order of Protection

¶ 11        Since the order of protection against respondent expired by its own terms on December 31, 2015, we must begin our analysis by determining whether an exception to the mootness doctrine applies.  "A case on appeal becomes moot when the issues involved in the circuit court no longer exist because events occurring after the filing of the appeal make it impossible for the appellate court to grant effective relief."  *Whitten v. Whitten*, 292 Ill. App. 3d 780, 784 (1997) (citing *In re R.V.*, 288 Ill. App. 3d 860 (1997), citing *In re A Minor*, 127 Ill. 2d 247 (1989)).  Given the issues in this case, we find it appropriate to review the trial court's order of protection under the public interest exception to the mootness doctrine.  This exception allows a reviewing court to consider an otherwise moot case where: "(1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question."  *In re Alfred H.H.*, 233 Ill. 2d 345, 355 (2009) (citing *People ex rel. Wallace v. Labrenz*, 411 Ill. 618, 622 (1952)); see also *Whitten*, 292 Ill. App. 3d at 784 (finding a societal interest in achieving the underlying purpose of the Act and in protecting victims of domestic violence).

¶ 12                                    III. Respondent's Arguments

¶ 13        Respondent first argues that the trial court erred when it held that K.P. was unable to prosecute the petition against him due to her age, health, disability, or inaccessibility.  He claims that this finding was erroneous because K.P. turned 18 years old between the date Diane filed the

petition and the date of the hearing. This issue presents a question of statutory interpretation, which we review *de novo*. *People ex rel. Birkett v. Dockery*, 235 Ill. 2d 73, 79 (2009).

¶ 14 Under the Act, a petition for an order of protection may be filed "by a person who has been abused by a family or household member or by any person on behalf of a minor child or an adult who has been abused by a family or household member and who, because of age, health, disability, or inaccessibility, cannot file the petition." 750 ILCS 60/201(b) (West 2014).

¶ 15 Sections 214 and 219 of the Act authorize the issuance of a plenary order of protection where respondent has been notified of the hearing on that order, and where the court finds that "petitioner has been abused by a family or household member or that petitioner is a high-risk adult who has been abused, neglected, or exploited, as defined in this Act." 750 ILCS 60/214(a) (West 2014); 750 ILCS 60/219 (West 2014). Where an individual has filed a petition on behalf of a minor child, "petitioner" means the "named victim of abuse on whose behalf the petition is brought." 750 ILCS 60/103(13) (West 2014). Thus, even though Diane filed the petition in this case, K.P. has always been the petitioner.

¶ 16 Here, in granting the order of protection against respondent, the trial court explicitly found that K.P. was unable to bring the petition on her own behalf due to her age, health, disability, or inaccessibility.[1] However, the only evidence in the record regarding why K.P. did not attend the hearing and could not present her allegations of abuse was Diane's testimony that

---

[1] We note that there were multiple errors in the trial court's order. Among those errors was a statement that the protected persons under the order were, not the petitioner but, rather, the "minor children listed in Part C". Part C discusses "minor children of the parties" and has a diagonal line drawn through the section.

4

K.P. was "fearful," and "did not want to come." We find this hearsay testimony insufficient for the trial court to have concluded that K.P. was unable to pursue the petition on her own behalf.

¶ 17 We recognize that nothing in the law prohibited Diane from filing the petition on K.P.'s behalf, since at the time Diane filed the petition, K.P. was only 17 years old. See 750 ILCS 60/201(b) (West 2014). However, at the time the trial court held a hearing on the petition, K.P. was 18 years old, and, therefore, able to bring the petition on her own—*i.e.*, no longer able to rely on her mother's representation. Accordingly, we conclude the trial court erred in granting her a plenary order of protection against respondent. Were we to hold otherwise, we would be affirming an order of protection that the petitioner, a legally competent adult, may not have even known about, let alone wanted the trial court to enter on her behalf. See 750 ILCS 60/219 (West 2014) (requiring only that the respondent be notified of the hearing).

¶ 18 We understand a trial judge feeling the need to protect people. However, where an adult wants a court to issue an order of protection in her favor, she should, at the very least, be required to show up to court and present her allegations of abuse. K.P. did not do that here. Because we find this issue determinative, we need not reach respondent's final two arguments.

¶ 19                                          CONCLUSION

¶ 20 For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County and vacate the plenary order of protection against respondent.

¶ 21 Reversed; order vacated.