2023 IL App (1st) 230589-U

SIXTH DIVISION
December 15, 2023

No. 1-23-0589

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| IN THE INTEREST OF L.R.G., a minor, | ) | |
| | ) | Appeal from the |
| (THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Circuit Court of |
| | ) | Cook County |
| Petitioner-Appellee, | ) | |
| | ) | No. 22 JA 435 |
| v. | ) | |
| | ) | Honorable |
| K.H., | ) | Levander Smith, |
| | ) | Judge Presiding. |
| Respondent-Appellant). | ) | |

_____

JUSTICE TAILOR delivered the judgment of the court.
Justices Hyman and C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court erred in denying the court-appointed attorney's petition for attorney's fees.

¶ 2    Petitioner, Rodney Stewart, was appointed to represent an indigent litigant in a wardship proceeding. Stewart moved the court for attorney's fees for his professional services, admittedly after the deadline established in the circuit court's general order. Stewart's motion was denied for the sole reason that it was untimely under the circuit court's general order because it was

filed more than six months after he provided the legal services for which he sought compensation. Stewart now appeals. We reverse and remand.

¶ 3                                  BACKGROUND

¶ 4     The case was screened into the circuit court by the Illinois Department of Children and Family Services. The respondent-mother was found to be indigent and without the financial resources to hire her own legal counsel. The circuit court appointed Stewart to represent her on August 3, 2021.

¶ 5     On March 8, 2023, Stewart filed a verified motion documenting the time he spent working on the respondent-mother's case. He requested the approval and payment of fees in the amount of $1,700 for work performed during the period from May 1, 2022, through January 26, 2023. In paragraph six of his motion, Stewart acknowledged that due to a mistake in his calendaring system, COVID 19 delays, personal matters, and a backlog of other cases, some or all of the professional services that he was seeking compensation for were provided on dates that fell "outside of the six-month time period required by [Cook County Circuit Court] General Order No. 05-26." Stewart argued that the court should still compensate him for this time because "General Order No. 05-26 does not supersede Illinois Supreme Court Rule 299."

¶ 6     On March 17, 2023, the court denied Stewart's motion, ruling:

 "The Court is not questioning the fees themselves. It is the time frame, the six-month time frame, which I still do not see in Paragraph 11 as having been addressed.

* * *

Mr. Stewart, I find Paragraph 6 to be vague, at best. It has considerations which I cannot honestly say aren't applicable to anybody that appears before this Court with a fee petition. I just cannot and will not go beyond the six-month time frame.

You can resubmit the fee petition within the six-months time frame, so that will call for some recalculation. When I consider the eight factors of Supreme Court Rule 299, I don't find that this is a particularly complex case. I have no information that your overhead costs and burden are any more burdensome, shall I say, than any other case any other attorney or for yourself in any other case. Your skill and your expertise are certainly noted for every case that you appear before me. I do acknowledge that and appreciate that.

I see no reason to circumvent General Rule No. 26 for the county in granting your fee petition as stated. So it is denied respectfully as it is. You're your certainly welcome to resubmit it as previously stated."

¶ 7    It is from this order that Stewart now appeals.

¶ 8                                    ANALYSIS

¶ 9    Initially, we note that the Public Guardian and the State have informed this court that they will not file an appellate brief as "the order denying Mr. Stewart's fee petition is not an order affecting L.R.G.'s care or custody."  Generally, the court will not act as advocate for an appellee who has not filed a brief.  *First National Bank of Ottawa v. Dillinger*, 386 Ill. App. 3d 393, 395 (2008).  Nevertheless, the appellate court should decide the appeal on the merits where the record is simple, and the claimed error can be decided without the aid of an appellee brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (explaining the resolution of appeals in cases where the appellee has failed to file a brief). Because the record is simple and we can decide this case with the benefit of an appellee's brief, we take this case for consideration on the record and appellant's brief only.  *Id.*

¶ 10    Stewart argues that the court erred in denying his motion for attorney's fees because

3

General Order No. 26 does not require the denial of his fee motion for failure to comply with its deadlines. Specifically, Stewart argues that when a fee petition would otherwise be granted under Supreme Court Rule 299(a), the motion cannot be denied simply because it was filed after the six-month deadline prescribed in General Order No. 26.

¶ 11    Cook County Circuit Court General Order No. 26 states in pertinent part:

"1.     In cases pending in any Department or Division of this court on or after the effective date of this order, all attorney fee petitions for court appointed attorneys, including petitions to pay costs of expert witnesses, court reporters, and other service providers, must be filed by the earlier of: 60 (sixty) days after entry of a final order disposing of the case or 6 (six) months after the attorney performed the service or incurred the cost.

***

This order supersedes all provisions governing the procedures for payment of the fees and costs of court appointed attorneys in previous orders of this Court, including orders of any Department or Division of this Court."

¶ 12    Illinois Supreme Court Rule 299 (a) provides:

"(a) Attorneys who are appointed by the courts of this state to represent indigent parties shall be entitled to receive a reasonable fee for their services. In arriving at a reasonable fee for appointed counsel's services, the appointing court should consider:

(1) the time spent and the services rendered;

(2) the attorney's skill and experience;

(3) the complexity of the case;

(4) the overhead costs and the burden on the attorney's practice;

(5) the rate of compensation for comparable services in the locality;

(6) the reduction of the comparable fee by a *pro bono* factor;

(7) the number of appointments given to the attorney; and

(8) the availability of public funds. No single factor is determinative in establishing a reasonable fee." Ill. Sup. Ct. R.299(a) (eff. July 1, 2006).

¶ 13    Stewart relies on *In re J.H.*, 384 Ill. App. 3d 507 (2008), where the attorney, who was appointed to represent an indigent mother in wardship proceedings, filed a fee petition seeking payment for services she performed in 2000-02, 2005 and 2007. The State objected, citing General Order 05-29, a prior version of General Order No. 26, that contains the exact same language. The court denied the fee petition because it had not been filed in a timely manner. On appeal, the attorney argued that General Order 05-29 did not mandate the denial of her fee petition for noncompliance with its filing deadlines. *J.H.*, 384 Ill. App. 3d at 507.

¶ 14    On appeal, we took note that in May 2005, the presiding judge of the child protection division of the circuit court of Cook County issued General Order 05-29. *Id* at 508. We also noted that in May 2007, the presiding judge issued a "Memorandum" to "All Child Protection Division Judges and Conflict Bar Attorneys" clarifying that "[f]ee petitions must be presented in a timely manner pursuant to General Order 05-29." The memorandum, however, stated that "these guidelines are intended to provide general guidance only. The trial judge decides appropriate reasonable fees in a given case." *Id*. We also examined Supreme Court Rule 299(a) and the eight factors that the court "should" consider when determining a reasonable fee. *Id*.

¶ 15    We concluded that the court erred in denying the attorney's fee petition on the basis that the petition was untimely and where the court's ruling showed that it believed its discretion was foreclosed by General Order 05-29. As for the timeliness of the attorney fee petition, we

observed that,

> "[General Order 05-29] imposed no specific penalty for noncompliance, and the presiding judge's clarifying memorandum explained that trial judges remained free to determine appropriate fees in each individual case. The trial court was permitted to impose an appropriate sanction for noncompliance with the order, but the order nonetheless allowed the court to determine and award reasonable compensation for [the attorney's] services. We, therefore, conclude that the order, on its face, does not substantively deny attorney fees that are due under Illinois law and is not invalid on that basis." *J.H.*, 384 Ill. App. 3d at 509.

We also noted that "[t]he court did not refer to any of the compensation factors identified by Rule 299, and in denying the petition as untimely, the court ignored the rule's admonition that no single factor is to be considered determinative in establishing the attorney's fee." *Id.* at 509. Because the record showed that the trial court operated under the erroneous belief that it lacked any discretion, we reversed and remanded for further consideration of the issue. *Id.*

¶ 16     Similar to *J.H.*, the record here reveals that the circuit court believed that its ability to award attorney's fees was precluded as a matter of law, stating that it could not "go beyond the six month time frame" set forth in General Order No. 26. Although the court did not expressly consider each of the eight individual factors outlined in Rule 299(a), the factors that it did mention suggest that it was inclined to grant the motion under Rule 299(a) given it was "not questioning the fees themselves" and had "no information that your overhead costs and burden are any more burdensome, shall I say, than any other case any other attorney or for yourself in any other case. Your skill and your expertise are certainly noted for every case that you appear before me. I do acknowledge that and appreciate that." However, ultimately, the court believed

that Stewart's fee motion was untimely because it was filed more than six months after he provided professional services, stating it had "no reason to circumvent General Rule No. 26."

¶ 17    Like the trial court in *J.H.*, the circuit court's reliance on this single factor to deny Stewarts's motion for fees was error.  We conclude that the circuit court retains discretion to award attorney's fees even when a fee motion is filed beyond the deadline in General Order No. 26. To be clear, our ruling should not be interpreted as license to ignore the deadline in General Order 26. Such deadlines are an important part of government budgeting and fiscal responsibility. The court may, in its discretion, impose a sanction for failure to comply with the deadline in General Order No. 26, including in the exceptional case the outright denial of a fee motion.  Before imposing any sanction for an untimely filing, however, the court should consider the reasons for the delay in filing the fee motion and the various factors in Supreme Court Rule 299. Similarly, the court may in its discretion, after considering the reasons for delay and various factors in Supreme Court Rule 299, determine not to impose any sanction for an untimely filing. Either way, the circuit court has discretion when presented with a court-appointed attorney's untimely fee motion.                    CONCLUSION

¶ 18    We reverse the judgment of the circuit court and remand the cause for further proceedings consistent with this order.

¶ 19    Reversed and remanded.